■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HARRY F. BURGHARDT, Appellant.— Judgment of conviction unanimously modified on the law and facts and in the exercise of discretion by reducing the sentence to an indeterminate term of from 5 to 10 years and as modified, affirmed. Memorandum: On this appeal from a judgment of conviction of manslaughter in the first degree, appellant seeks a reduction of the sentence imposed upon him of imprisonment for an indeterminate term of not less than 10 nor more than 20 years. Manslaughter in the first degree is punishable by imprisonment for a term not exceeding 20 years. (Penal Law, § 1051.) In determining the severity of the punishment to be meted out, the court must consider the nature of the act, and the community's condemnation of defendant's misconduct. Defendant, while engaged in an argument with his business partner, concerning the partnership books of account, caused fractures of his partner's skull, which resulted in his death, by striking him several times on the head with a wooden cudgel. The act was a shocking and repulsive performance calling for substantial punishment. While the court must consider the protection of the community and impose substantial punishment which will deter others similarly inclined, it must also consider the potential of the defendant for rehabilitation. Factors to be considered are the defendant's previous record and conduct. He had no previous criminal record. He had been an eagle scout. He was a graduate of a veterinary college standing 8th in a class of 38. He worked while in college and was a quiet and hard-working student. He was honorably discharged from the army and thereafter was a participant and leader in church, civic, professional and community affairs. His demonstrated intelligence, character, ability to conform, and his apparent capacity to accept social disciplines and limits and his over-all stability show that he has a promising potential to adjust to normal life in the community. These are factors which have led other courts to reduce sentence. (*People* v. *Silver*, 10 A D 2d 274; *People* v. *Lewis*, 282 App. Div. 267; *People* v. *Davies*, 275 App. Div. 726, affd. 300 N. Y. 506.) The record discloses a proper case for the exercise of discretion to reduce sentence. (Code Crim Pro., § 543; *People* v. *Zuckerman*, 5 N Y 2d 401; *People* v. *Silver*, 10 A D 2d 274.) The judgment should be modified by reducing the sentence to an indeterminate term of from 5 to 10 years and, as so modified, it should be affirmed. (Appeal from judgment of Cayuga County Court convicting defendant of manslaughter, first degree.) Present — Bastow, J. P., Goldman, McClusky and Henry, JJ.