THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT A. LUONGO, JR., Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered April 21, 1976, convicting him of grand larceny in the second degree (13 counts) and grand larceny in the third degree (two counts), upon a jury verdict, and sentencing him to indeterminate terms of imprisonment with a maximum of seven years on each of the counts of grand larceny in the second degree, and to indeterminate terms of imprisonment with a maximum of four years on each count of grand larceny in the third degree, the sentences on all counts to run consecutively. Judgment modified, as a matter of discretion in the interest of justice, by deleting from the sentences imposed the provisions that all counts are to be served consecutively and by substituting therefor provisions that (1) the sentences imposed upon Counts Nos. 4, 5, 6, 8, 9, 11 and 12 (grand Larceny in the second degree) are to be served concurrently, (2) the sentences imposed on Counts Nos. 15, 17, 19, 20, 22 and 23 (grand larceny in the second degree) are to be served concurrently, but consecutive to the sentences imposed on the first-mentioned seven counts and (3) the sentences imposed on Counts Nos. 14 and 24 (grand larceny in the third degree) are to be served concurrently, but consecutive to the sentences imposed for the crimes of grand larceny in the second degree. As so modified, judgment affirmed. Defendant's convictions are based upon the taking of money from various individuals from March, 1972 to February, 1974 in connection with an investment scheme, commonly referred to as a "Pyramid Scheme". The

prosecution proceeded under a theory of larceny by false promise, pursuant to section 155.05 of the Penal Law. Defendant's primary contention on appeal is that the People failed to sustain their burden of proving this particular type of larceny, in that the representations made by him and his agents to the witnesses, as to how their money would be invested, were in fact carried out. Defendant contends that he at all times intended to fulfill his promises as to the investment plan and was merely a victim of some "bad investments". The extensive record includes the testimony of investors, agents for the defendant in the investment plan, his partners in several business enterprises, his girlfriend and his former attorney. Many of those who testified had dealings directly with the defendant, and testified as to specific representations as to his present investments and future plans. Although the testimony established that certain businesses did in fact exist as represented, it was also demonstrated that those businesses were not profit-making enterprises. There was evidence that the defendant was not concerned with the viability of those business enterprises, and that they existed in name only. In addition, there was testimony that the defendant had made reference to his plan as a "Ponzi scheme". After examining the testimony of the witnesses at the trial, it is our view that the prosecution met its burden of establishing that the defendant obtained property by false promises, pursuant to a scheme to defraud, and by means of representations which he in fact had no intention of carrying out. The defendant was sentenced to indeterminate terms of imprisonment with a maximum of seven years on each of the 13 counts of grand larceny in the second degree, and to indeterminate terms with a maximum of four years, on both counts of grand larceny in the third degree. All sentences were to run consecutively, with a maximum period of imprisonment of 99 years. Despite the scale of the defendant's operation, and the huge money losses to the various investors, in our opinion the sentences imposed were clearly excessive. While the court must consider the protection of the community and the deterrent effect to others similarly inclined in the imposition of sentence, other facts to be considered are the defendant's prior record and conduct, and his potential for rehabilitation (People v Burghardt, 17 AD2d 912). Considering these factors, we feel that in the present case the sentences as reduced are sufficient punishment for the crimes. We have considered the defendant's other arguments and find them to be without merit. Latham, J. P., Rabin, Titone and O'Connor, JJ., concur. [86 Misc 2d 120.]