■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT CARTER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 15, 1978, convicting him of murder in the second degree, upon his plea of guilty, and sentencing him to a prison term of from 20 years to life. Judgment affirmed. The trial court's use at sentencing of an aphorism ascribed to a religious work in describing the allegedly predatory characteristics evinced by this defendant was not an establishment of religion by the State in violation of the Federal or State Constitutions (see, e.g., *Committee for Public Educ. v Nyquist,* 413 US 756; *Walz v Tax Comm.,* 397 US 664; *Engel v Vitale,* 370 US 421). The sentencing criteria utilized by the court, namely, the circumstances of the crime and the defendant's prior record, were entirely proper and were not tainted with the court's personal religious beliefs as defendant argues (see, e.g., *People v Luongo,* 58 AD2d 895, affd 47 NY2d 418; *People v Burghardt,* 17 AD2d 912). The defendant's further claims relative to the allegedly erroneous denial of a motion for a *Wade* hearing and the prosecutor's failure to keep his plea bargain are devoid of any basis in the record. Finally, the sentence imposed was not excessive in light of the circumstances of the offense and the defendant's background. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LA BARBERA, Appellant.—Appeal by defendant from two judgments of the County Court, Rockland County, both rendered December 28, 1978, convicting him of two counts of criminal sale of a controlled substance in the third degree, upon pleas of guilty, and imposing sentences. Judgments affirmed. Defendant's voluntary and intelligent admission upon pleading guilty accomplished an effective waiver and abandonment of his right to a trial and any defenses he could have interposed (see *Matter of Daniel D,* 27 NY2d 90; *People ex rel. Cherry v Deegan,* 32 AD2d 792). We find no merit in defendant's claim that the record is incomplete. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM LATTARULO, Appellant.—Judgment of the Supreme Court, Queens County, rendered May 31, 1979, affirmed. No opinion. The case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NAPOLI, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed October 23, 1978. Case remitted to the County Court (1) for appointment of an independent physician to examine the defendant to ascertain his ability to withstand imprisonment; (2) to conduct an evidentiary hearing on the issue; and (3) to report the court's findings to this court. The County Court shall file its report with all convenient speed. In the interim, the appeal is held in abeyance. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES PETRI, Appellant.—Judgment of the County Court, Westchester County, rendered August 31, 1977, affirmed. No opinion. This case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, J. P., Damiani, Rabin and O'Connor, JJ., concur.