■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY NAPOLI, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed October 23, 1978. By order of this court dated January 21, 1980, this matter was remitted to the County Court for further proceedings and, in the interim, the appeal has been held in abeyance (People v Napoli, 73 AD2d 953). The said proceedings have been completed. Sentence affirmed. It is suggested that the Commissioner of Correctional Services confine the defendant at the Fishkill Correctional Facility. Mollen, P. J., Lazer, Gibbons and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBY OSGOOD, Respondent. — Appeal by the People from an order of the Supreme Court, Kings County, entered September 1, 1978, which granted defendant's motion to dismiss the indictment upon the ground that the People were not ready for trial within six months of the commencement of this action as required by CPL 30.30 (subd 1, par [a]). By order dated September 28, 1979 this court reversed the order, on the law, and denied the motion to dismiss the indictment (People v Osgood, 71 AD2d 1030). On December 22, 1980, the Court of Appeals reversed the order of this court and remitted the case to this court "for review of the facts, if any" (52 NY2d 37, 46). Order affirmed. The six-month period within which the People are required to be ready for trial under CPL 30.30 (subd 1, par [a]) is to be measured from the date of filing of the felony complaint, and not from the date of filing of the indictment, even when, as here, the complaint was dismissed (see People v Osgood, 52 NY2d 37, supra). Using that date as a point of reference, it is undisputed, on this record, that the People were chargeable for a time period in excess of six months and, accordingly, Criminal Term correctly dismissed the indictment. Mollen, P. J., Hopkins, Damiani and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS PAPO, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered May 4, 1979, convicting him of manslaughter in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. Defendant was charged with the stabbing death of a fellow employee during an altercation at work. He originally entered a plea of guilty to the indictment, but the plea was subsequently withdrawn. At trial, the defendant was cross-examined with respect to statements made by him during the plea. This was error. It is well settled that a guilty plea, once withdrawn, "is out of the case forever and for all purposes" (see People v Spitaleri, 9 NY2d 168, 173; see, also, People v Droz, 39 NY2d 457; People v Burd, 18 NY2d 447). The fact that this error occurred on defendant's cross-examination, rather than on the prosecutor's direct case, is of no legal significance (see People v Heffron, 59 AD2d 263). Damiani, J. P., Gibbons, Margett and Thompson, JJ., concur.