■ The People of the State of New York, Respondent, v Henry Bolden, Appellant. — Judgment, Supreme Court, New York County (Edwards, J.), rendered October 10, 1978, convicting defendant, after a jury trial, of manslaughter in the first degree (Penal Law, § 125.20), and sentencing him to an indeterminate term of from 7 to 21 years, unanimously reversed, on the law and as a matter of discretion and in the interest of justice, and the matter remanded for a new trial. On November 18, 1977 the deceased, one Camel, and two others, met a fourth person in Harlem while on their way to purchase drugs. They encountered a group of some six to eight men who surrounded Camel. One of the group allegedly held Camel and beat him with a pipe while another, later identified by a witness to be defendant, hit Camel on the head several times with a baseball bat. Two officers arrived on the scene almost immediately thereafter. One of the officers saw defendant running from the scene of the incident holding his arm. Camel was rushed to Sydenham Hospital by these officers. The officer who had noticed defendant leaving the assault area recognized him when he, too, sought treatment for his left arm at Sydenham. At first defendant denied his presence at the incident, then admitted his presence but as a bystander who was inadvertently injured during the fracas. One of Camel's friends who had accompanied him to the scene of the assault had also made the trip to the hospital. He identified defendant as the assailant wielding the baseball bat. Defendant was thereupon arrested. After defendant was assigned counsel and had been arraigned the arresting officer made an off-hand comment to defendant, as he escorted defendant from the arraignment, that defendant "probably had nothing to worry about because the complainant probably won't show up at the hearing and the case would eventually be dismissed." Defendant responded that Camel would not appear because he "got what he deserved". Defendant was housed overnight in a cell with the other man who had been arrested for the assault, the man who allegedly had held Camel and beat him with a pipe. Camel died two days later from his head injuries. It is from the jailhouse contact and ensuing conversations of the two men concerning the incident that defendant says he formed his own opinion that Camel "got what he deserved". At the Huntley hearing to suppress this statement the arresting officer conceded that after he informed defendant of his Miranda rights, defendant asserted his

right not to speak without the presence of an attorney, a right he again asserted when asked if he would answer questions after his arrest papers were completed. After the arresting officer's testimony, defendant's counsel withdrew the *Huntley* motion stating that defendant's response was indeed a spontaneous utterance and therefore properly subject to admission at trial. Defendant argues on appeal that his statement to the arresting officer should have been suppressed, and that several instances of prosecutorial misconduct deprived him of a fair trial. We agree that there were certain improper practices by the People. In fact, the People concede that "the prosecutor may have exhibited too much zeal in parts of his examination of witnesses". Specifically, the People concede that during cross-examination of defendant, the prosecutor improperly compelled defendant to characterize other witnesses as liars. (See *People v Rivera*, 75 AD2d 544.) The People seek to minimize this error by stressing that although there were several such instances, they were committed in the course of a lengthy cross-examination and would not have prejudiced defendant. These instances cannot be considered harmless error when taken together with other doubtful conduct. Defendant cites several other instances of improper conduct, which defendant did not object to at trial and so failed to preserve these points for appeal. However, as we recently observed in *People v Lediard* (80 AD2d 237), although failure to make a timely objection normally makes that point not subject to review, the cumulative effect of several errors may induce our intervention "As a matter of discretion and in the interest of justice". (CPL 470.15, subd 3, par [c].) Contrary to the People's contention that, even if each incident complained of was found to be improper, they were isolated incidents committed in the course of lengthy proceedings and could not have prejudiced the jury, it most certainly cannot be said that such errors, taken together, are harmless beyond a reasonable doubt. *(People v Crimmins*, 36 NY2d 230.) This is not a case where the evidence of guilt of the person charged was overwhelming. Only one of the several witnesses to the assault identified defendant at trial as the bat-wielder. It was prejudicial for the testimony of that witness to be bolstered by hearsay to the effect that this same witness had previously made an out-of-court identification of defendant. *(People v Trowbridge*, 305 NY 471.) Persistent questioning of defendant on cross-examination which delved into his lifestyle, his uneven job history, his frequent changes of address and sometime use of marihuana, had an unmistakable tendency to impugn his character without the saving grace of being probative to the crime charged. (Cf. *People v Schwartzman*, 24 NY2d 241, 247-248.) The prosecution's summation, too, may have "exceeded the bounds of legitimate advocacy" by its attack on defendant's credibility, accusing defendant of "tailoring" his testimony and vouching for the credibility of the People's witnesses. *(People v Shanis*, 36 NY2d 697.) The cumulative effect of these improprieties was sufficiently prejudicial to have deprived defendant of a fair trial. *(People v Alicea*, 37 NY2d 601.) We might also note in passing that the use at trial of defendant's statement, a response made in a conversation not initiated by defendant at a time when he had indicated his unwillingness to speak without counsel present, despite counsel's withdrawal of defendant's suppression motion, was questionable in light of recent decisions. (Cf. *Edwards v Arizona*, 451 US 477; *People v Howard*, 62 AD2d 179.) This is so in spite of the equivocal nature of the opinion expressed. An innocent third person unrelated to the specific crime might also say he "got what he deserved". Concur — Murphy, P. J., Kupferman, Sandler, Ross and Silverman, JJ.