OPINION OF THE COURT
Donald J. Mark, J.
The defendants Kim Cartledge and Jonathan Jones are charged with the crimes of intentional murder, felony murder and two counts of attempted robbery involving Charles Daniels Jackson; rape involving Eva Williams; and robbery, petit larceny, two counts of sodomy, attempted sodomy, three counts of rape and attempted rape involving Valerie Moses.
The decision dated September 4, 1985 denied the defendants’ application for severance of the counts relating to each victim, because under CPL 200.20 (2) (b) "proof of the second [offense] would be material and admissible as evidence in chief upon a trial of the first.” The reasoning was that the defendants made certain admissions during the incident involving Moses which directly inculpated them in the prior murder of Jackson and the prior rape of Williams; these would be admissible upon the trial of both the Williams and Jackson incidents to prove the defendants’ identities and intent. Left undecided was the defendant Jones’ application that he be permitted to testify as to the crimes involving Jackson and Williams without being cross-examined as to the crimes involving Moses.
The defendant Jones argues that there is an absolute need for him to testify as to the crimes involving Jackson and Williams while there is an equally absolute need for him to refrain from testifying as to the crimes involving Moses. He requested an ex parte hearing to present his reasons for this application. The People oppose the defendant’s motion.
It appears that the only cases to date falling under CPL 200.20 (2) (b) have approached this problem in the context of consolidation (People v Lane, 56 NY2d 1; People v Simpkins, 110 AD2d 790).
In People v Lane (supra), the People moved pursuant to CPL 200.20 (2) (b) and 200.20 (4) to consolidate two robberies in which the modus operandi were remarkedly similar upon the ground that the proof of one offense would be admissible upon the trial of the second offense. The defendants opposed consoli *209 dation, claiming they wanted to testify that the first incident was sexually motivated but that they desired to remain silent as to the second incident because the identification testimony was weak. The Court of Appeals held consolidation was proper because the reasons advanced by the defendants were insufficient to allow their bifurcated testimony. People v Simpkins (supra), following People v Lane (supra), found a denial of severance to be proper where there was no claim that the defendant had important testimony to give concerning one count and a strong need to refrain from testifying as to the other count.
People v Lane (supra), in deciding the motion of the People for consolidation and the opposition of the defendants thereto, adopted the standard espoused by the seminal decision governing defendants’ contention "in the context of a motion to sever separate counts of a single indictment” (56 NY2d, at p 8, referring to Baker v United States, 401 F2d 958, remanded 430 F2d 499, cert denied 400 US 965). Thus, Lane (supra) held that a decision to consolidate separate indictments under CPL 200.20 (4) is committed to the sound discretion of the Trial Judge; that in order to defeat a motion to consolidate two indictments a defendant must make a convincing showing that he has both important testimony to give concerning one offense and a strong need to refrain from testifying as to the other; and that a court is without discretion to grant a severance where joinder is effected pursuant to CPL 200.20 (2) (b).*
We are thus faced with the anomaly of a situation where a defendant, who may have valid reasons for testifying as to one crime and not testifying as to another, successfully opposes a motion for consolidation, because consolidation under CPL 200.20 (4) is discretionary, but unsuccessfully moves for a severance, because under CPL 200.20 (2) (b) a denial of severance is not discretionary. This anomaly is further compounded by the fact that People v Lane (supra), which involved consolidation of two crimes for the reason provided for in CPL 200.20 (2) (b) was subsequently codified into CPL 200.20 (3) (b) to be applicable only where severance is discretionary under CPL 200.20 (3) (Bellacosa, 1984 Supplementary Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 200.20, p 77 [1986 Pocket Part]).
*210 It would be a harsh result for the granting or denial of relief to a similarly situated defendant to depend upon whether that defendant was indicted twice for two separate crimes (CPL 200.20 [4]), or indicted once for two separate crimes (CPL 200.20 [2] [b]). The rules of statutory construction make allowance for this type of anomaly (McKinney’s Cons Laws of NY, Book 1, Statutes § 147). A construction of a statute is favored which makes it operate equally on all classes of persons and avoid unjust discrimination (People ex rel. Beaman v Feitner, 168 NY 360; People ex rel. Braeburn Assn. v Hanking, 154 App Div 679, affd 207 NY 761), but a court cannot rewrite a statute to avoid inequalities (People ex rel. Braeburn Assn. v Hanking, supra; see, People v Basilicato, 64 NY2d 103).
However, this harsh result can be avoided by an evidentiary ruling achieving somewhat the same effect. A trial court is vested with authority, to be exercised in a sound discretion, to determine the permissible scope of cross-examination in each particular case (People v Schwartzman, 24 NY2d 241), and although a cross-examiner may delve deep in order to attack credibility and present an alternate view of the facts, such inquiry is not open-ended (People v Chin, 67 NY2d 22).
Thus, cross-examination of a defendant may be curtailed where it exposes the defendant to undue prejudice by informing the jury of his prior convictions (People v Sandoval, 34 NY2d 371); voluntariness of a confession is not an issue and the defendant is cross-examined concerning his isolated statement that the police assaulted him (People v Perry, 277 NY 460); the defendant is a minister and the irreligious and sexual practices of his church and himself are the subject of cross-examination (People v Forchalle, 88 AD2d 645); the defendant is cross-examined so that he characterizes the testimony of the prosecution witnesses as fabrications (People v Calderon, 88 AD2d 604; People v Bolden, 82 AD2d 757; People v Santiago, 78 AD2d 666); the defendant’s life-style, financial background and uneven employment history are persistently questioned (People v Ravanell, 82 AD2d 868; People v Bolden, supra); the defendant is cross-examined relative to his plea colloquy after his guilty plea was withdrawn (People v Papo, 80 AD2d 623); the defendant’s membership in a street gang and the criminal acts of that gang are explored (People v Gadsden, 80 AD2d 508; People v Torres, 72 AD2d 754); the defendant is cross-examined as to his use of aliases on prior occasions (People v Jiminez, 79 AD2d 1012); the defendant’s *211 postarrest silence and his failure to inform the police of his alibi and exculpatory evidence sooner is inquired into (People v Nunez, 74 AD2d 805); the source of the money used for the defendant’s bail and his use of methadone is elicited (People v Garcia, 72 AD2d 356); and there is detailed cross-examination of a defendant as to his blemished military background (People v Cancel, 61 AD2d 497).
There are also cases permitting a defendant to present demonstrative evidence of himself to the jury, without subjecting himself to cross-examination, provided a proper foundation is laid. Thus, a defendant would be allowed to display his tattooed hands to the jury (see, People v Rodriguez, 64 NY2d 738; United States v Bay, 762 F2d 1314); he would be allowed to display his abdominal scar to the jury (see, People v Shields, 81 AD2d 870); and he would be allowed to read a paragraph selected at random from a newspaper to demonstrate that he has a very thick accent (People v Williams, 130 Misc 2d 773; contra, primarily on ground of unreliability United States v Esdaille, 769 F2d 104).
Therefore, limiting the cross-examination of the defendant in this case to the extent he has requested not only weighs the public interest in avoiding duplicative, lengthy and expensive trials while protecting the defendant’s interest from unfair disadvantage (People v Lane, 56 NY2d 1, supra), but has the effect of making CPL 200.20 operate equally on all classes of defendants and thereby avoids unjust discrimination (People ex rel. Beaman v Feitner, supra; People ex rel. Braeburn Assn. v Hanking, supra). Nor does it infringe on the People’s right of confrontation, because their evidence may be adduced through sources other than the defendant’s cross-examination (People v Chin, supra).
People v Lane (supra) provided for an in camera proceeding if the defendant believes he would be revealing information to which the prosecution is not privy. This is the procedure to follow in this case. The trial court will hold an in camera hearing to determine if the defendant is able to satisfy the mandate of Lane both as to the confidentiality of the information and as to the necessity to testify as to the crimes involving Jackson and Williams but not as to the crime involving Moses.
Accordingly, the application of the defendant is granted to the extent that an in camera hearing and/or hearing will be held by the trial court prior to trial.

 People v Andrews (109 AD2d 939) and People v Christopher (101 AD2d 504) also explicitly so state, citing People v Lane (56 NY2d 1).