**Vitaya ISARAPHANICH, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

**No. 85 Civ. 6045(MEL).**

United States District Court,
S.D. New York.

April 18, 1986.

Vitaya Isaraphanich, pro se.

Rudolph W. Giuliani, U.S. Atty. for the S.D. of N.Y., New York City (Elliott B. Jacobson, Asst. U.S. Atty., of counsel), for respondent.

LASKER, District Judge.

Petitioner Vitaya Isaraphanich moves pursuant to 28 U.S.C. § 2255 to vacate a judgment of conviction entered on March 22, 1979 following his plea of guilty to two counts of heroin distribution. Insaraphanich also requests a hearing on his claims and discovery of various Drug Enforcement Administration ("DEA") records. In addition, Isaraphanich has moved pursuant to 18 U.S.C. § 3006A(g) for the appointment of legal counsel. The motions are denied.

## I.

From March through September 1978 the DEA employed undercover agents and informers in an investigation that resulted in Isaraphanich's indictment on September 15, 1978 on charges of distribution of heroin in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A). Isaraphanich thereafter agreed to cooperate with the government in its prosecution of another defendant indicted as a result of the same investigation. The government agreed to accept his plea of guilty to two of the four counts in his indictment—which together carried a maximum sentence of 30 years imprisonment, $50,000 in fines, and a lifetime special parole term—in full satisfaction of all pending or potential charges growing out of the activities upon which the indictment was based.[1]

On October 20, 1978 Isaraphanich pleaded guilty before this court to two counts in his indictment charging him with distribution of 55.5 and 55.61 grams of heroin respectively.[2] On March 22, 1979 Isaraphanich was sentenced by this court to concurrent prison terms of ten years on each count as well as a special parole term. The execution of the sentence was thereupon suspended and the defendant placed on probation for a period of five years on each count, the probation periods to run concurrently.[3]

Subsequently in an unrelated matter, according to Isaraphanich, he was sentenced in December 1982 in New York Supreme Court to a prison term of three to six years on his plea of guilty to a charge of Forgery in the Second Degree.[4]

## II.

Isaraphanich moves to vacate his conviction on virtually every constitutional ground suggested by the motion form made available to *pro se* litigants seeking to proceed under 28 U.S.C. § 2255. Isaraphanich contends that his conviction was obtained by the use of evidence obtained pursuant to an unconstitutional search and seizure of his person and residence, by the use of evidence obtained pursuant to his unlawful arrest, by a violation of his privilege against self-incrimination, and by the use of his coerced confession. Isaraphanich also claims that his plea of guilty was not made voluntarily, that the government failed to disclose evidence favorable to him, and that he was denied the effective assistance of counsel. Finally, Isaraphanich contends that he has been denied his right to appeal his conviction and that his subsequent sentence on unrelated charges in New York State court constitutes a violation of the protection against double jeopardy.

■ At the heart of Isaraphanich's claims is his contention that he was entrapped by the government into committing the crimes to which he ultimately pleaded guilty. However, even were Isaraphanich to assert a sufficient factual basis for an entrapment defense—a question not reached in deciding this motion—he still would not be entitled on that ground to have his conviction vacated. This is so because Isaraphanich's plea of guilty "was an admission of all the elements of a formal criminal charge" and by pleading guilty he "waived all ... non-jurisdictional defenses and cannot raise them now by collateral attack." *LaMagna v. United States*, 646 F.2d 775, 778 (2d Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981). Entrapment is a non-jurisdictional defense on the merits, *Eaton v. United States*, 458 F.2d 704, 707 (7th Cir.), *cert. denied*, 409 U.S. 880, 93 S.Ct. 208, 34 L.Ed.2d 135 (1972), not a defense

---

1. *See* Letter dated Oct. 19, 1978, to Herbert J. Adlerberg, Counsel for Isaraphanich, from Denise Cote, Ass't United States Attorney (Exhibit A to Government's Memorandum of Law).

2. *See* Transcript of guilty plea of Oct. 20, 1978, in *United States v. Isaraphanich*, 78 Cr. 655 (Exhibit B to Government's Memorandum of Law) (hereinafter "Plea Minutes").

3. *See* Transcript of sentencing of March 22, 1979, in *United States v. Isaraphanich*, 78 Cr. 655 (Exhibit C to Government's Memorandum of Law).

4. *See* Petitioner's Traverse Response at 22–23.

that goes to the power of the court to force the defendant to stand trial. Therefore, so long as Isaraphanich's guilty plea represented a voluntary and intelligent choice, *United States v. Muench*, 694 F.2d 28, 34 (2d Cir. 1982), *cert. denied*, 461 U.S. 908, 103 S.Ct. 1881, 76 L.Ed.2d 811 (1983), he has waived the right to assert an entrapment defense.

For the same reasons Isaraphanich is not entitled to the vacating of his conviction on the basis of claimed antecedent constitutional infirmities such as unconstitutional search and seizure, unlawful arrest, coerced confession, and violation of the privilege against self-incrimination—even assuming there is some factual basis for these allegations. The Supreme Court has held that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). The only proper focus of a federal habeas inquiry in such a situation is the voluntary and intelligent character of the guilty plea. *Id.* at 266, 93 S.Ct. at 1607–08.

The question that must be addressed directly in deciding this motion, therefore, is whether Isaraphanich's plea of guilty "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970). Three of petitioner's scattered claims challenge the validity of his plea in this regard. Isaraphanich contends (1) that his plea of guilty "was unlawfully induced, and not made voluntarily, and without understanding of the nature of the charge and the consequences of the plea"; (2) that the government "failed to disclose the unlawful conduct and operational schemes by the Government's agents and informers that

were known to the prosecutors"; and (3) that the attorney who advised him with respect to his guilty plea failed to provide him with effective assistance of counsel.

■ Isaraphanich's claim that his plea was unlawfully induced and involuntary in the sense that it was made without an understanding of the charges or their consequences is belied by the plea minutes. On the morning this court took his plea, Isaraphanich had a choice of two interpreters—one his friend, the other (whom he selected) provided by the government. Isaraphanich was represented by counsel, who was questioned about the extent of his involvement in petitioner's case as well as his estimation of petitioner's knowledge and understanding of the nature of the charges and the consequences of pleading guilty. Isaraphanich himself was then questioned about his understanding of the case and the extent of his lawyer's involvement, and he proceeded to recount the factual circumstances of each of the two counts to which he was prepared to plead guilty. Isaraphanich was also informed that by pleading guilty he was foregoing a jury trial, that a guilty plea was equivalent to a guilty verdict by a jury, that there was no right to appeal a lawful sentence based on such a plea, and he was told what the maximum sentence could be. The petitioner's cooperation with the government and its effect on his sentence was also discussed, and this court inquired of Isaraphanich whether any pressure had been brought to bear on him or any member of his family in connection with the plea. A review of the plea allocution leaves no doubt that petitioner's guilty plea was, at least according to Isaraphanich himself, voluntary and knowing.

It may be that under certain circumstances a defendant's guilty plea will be prevented from being an intelligent choice by virtue of the government's failure to disclose facts that it is obligated to reveal and that would affect the defendant's decision to plead guilty. *Cf. United States v. Crooker*, 729 F.2d 889 (1st Cir.1984) (motion under Fed.R.Crim.P. 32(d)). That is-

sue need not be resolved, however, since Isaraphanich's claim that the government failed to disclose facts to him and his attorney that would support an entrapment defense is foreclosed by petitioner's *pro se* concession, perhaps unwitting, that "Isaraphanich had contended to his legal counsel that he was entrapped but his counsel to [sic] him to cooperate and plead guilty." [5] Evidently, Isaraphanich was in possession of enough facts to suggest an entrapment defense but chose to accept his attorney's advice that he enter into a plea agreement.

■ Isaraphanich's final challenge to the validity of his guilty plea is his claim that he was denied the effective assistance of counsel in connection with his decision to plead guilty. In *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held the test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) to be applicable to ineffective assistance claims arising out of the plea process. *Strickland* required a defendant complaining of ineffective assistance to "show that counsel's representation fell below an objective standard of reasonableness," *id.* at 687–88, 104 S.Ct. at 2065, and to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068. In discussing the second or "prejudice" requirement, the *Hill* Court stated:

> [I]n order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.
>
> . . . .
>
> [W]here the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the prejudice inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial. *See, e.g., Evans v. Meyer,* 742 F.2d 371, 375 (CA 7 1984) ("It is inconceivable to us ... that [the de-

fendant] would have gone to trial on a defense of intoxication, or that if he had done so he either would have been acquitted or, if convicted, would nevertheless have been given a shorter sentence than he actually received.")

106 S.Ct. at 370–71.

It cannot be said that under the circumstances of this case Isaraphanich's counsel's recommendation that petitioner plead guilty was outside "the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Nor is there any reason to believe that an entrapment defense likely would have succeeded at trial, since it is a matter of legal realism that such defenses rarely succeed, or that Isaraphanich could possibly have received a shorter sentence following a conviction than the suspended prison term he actually received upon his plea of guilty. *See Mitchell v. Scully,* 746 F.2d 951, 957 (2d Cir.1984) (failure to apprise defendant of availability of affirmative defense not ineffective assistance where "counsel had every reason to think that raising the defense had almost no chance of success and would expose [defendant] to the risk of serious additional punishment on other charges"), *cert. denied,* —— U.S. ——, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985). Moreover, because Isaraphanich has failed to allege the kind of "prejudice" necessary to satisfy the second half of the *Strickland* test, a hearing on the ineffective assistance of counsel claim is not warranted. *Hill v. Lockhart,* 106 S.Ct. at 371.

In sum, we find that Isaraphanich's plea of guilty was voluntary and intelligent, and that he has thus waived his right to assert either the affirmative defense of entrapment or any antecedent constitutional violations as grounds for vacating his conviction. Since his guilty plea is valid, Isaraphanich's claim that he has been denied the right to appeal must also fail. He was specifically informed by this court that pleading guilty would preclude his right to

---

**5.** Petitioner's Traverse Response at 32.

appeal to a higher court from any lawful sentence imposed.[6]

Isaraphanich's last claim is that he was deprived of the protection against double jeopardy by his sentencing in New York state court on a 1982 forgery conviction to a prison term of three to six years, based presumably on New York's "predicate felony" statute. Apparently, as a result of his being adjudged a predicate felon based on the federal narcotics conviction that is the subject of the instant motion, Isaraphanich's minimum term of imprisonment on the forgery conviction was required to be set by the sentencing judge at one-half instead of one-third of the maximum term. See N.Y. Penal L. §§ 70.00(3)(b), 70.06(4)(b), & 170.10 (McKinney 1975 & Supp. 1986).

■ Any claim Isaraphanich may have under the fifth amendment's double jeopardy clause, however—even if the federal conviction were to be set aside—would form the basis for an attack not on the 1979 federal conviction but rather on the 1982 New York sentence. Such a claim is thus improperly brought pursuant to 28 U.S.C. § 2255. The necessity of proceeding under 28 U.S.C. § 2254 for a writ of habeas corpus to be issued against state officials is more than a matter of form pleading. Section 2254(b) would require Isaraphanich to show that he had exhausted all appellate remedies available to him in the New York state courts—a showing he apparently cannot make at this time.

In view of the conclusions reached above with regard to Isaraphanich's legal claims, we believe that neither a hearing nor discovery of DEA records is warranted. Accordingly, petitioner's requests for a hearing and discovery are denied. In addition, because petitioner's Section 2255 claims are insufficient on their face, we conclude that the appointment of counsel pursuant to 18 U.S.C. § 3006A(g) is not required by the interests of justice. Petitioner's Section 3006A(g) motion is therefore denied.

The motion to vacate is denied and the complaint is dismissed.

It is so ordered.

6. Plea Minutes at 9.