**Charles ROMAN, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 89 CV 3726.**

United States District Court, E.D. New York.

July 16, 1990.

Charles Roman, pro se.

Jo Ann M. Navickas, Asst. U.S. Atty., Andrew J. Maloney, U.S. Atty., E.D.N.Y. for respondent.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Petitioner, *pro se*, moves pursuant to 28 U.S.C. § 2255 to vacate his sentence on the ground that he was denied effective assistance of counsel. For the reasons set forth below, the motion is denied.

## FACTS

On September 20, 1988, petitioner met with a confidential informant and agreed to find him a supply of cocaine for purchase. Petitioner then introduced the informant to his codefendant, William Rodriguez, who displayed a sample of cocaine to the informant. Later that day, the three met with an undercover agent who agreed to complete the transaction at another location. At that pre-arranged location petitioner and Rodriguez were arrested.

On December 2, 1988, petitioner pled guilty to conspiracy to distribute and possess with intent to distribute cocaine. 21 U.S.C. §§ 841(a)(1); 846. In March 1989 petitioner was sentenced to 41 months incarceration, to be followed by a four-year term of supervised release.

Petitioner now seeks to vacate his sentence on the ground that the assistance of his counsel was ineffective. Specifically, petitioner claims that counsel's failure to raise a possible entrapment defense led to his conviction.

## DISCUSSION

To establish an ineffective assistance of counsel claim, petitioner must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Petitioner must show that: (1) his counsel's errors fell below an objective standard of reasonableness, and (2) that "but for counsel's unprofessional errors, the result of the preceding would have been much different." *Id.* at 694, 104 S.Ct. at 2068.

As *Strickland* teaches, "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id* at 697, 104 S.Ct. at 2069. *See Hill v. Lockhart*, 474 U.S. 52, 57–60, 106 S.Ct. 366, 369–71, 88 L.Ed.2d 203 (1985) (applying the *Strickland* test to guilty pleas).

**44**

The alleged deficiencies in this case involve counsel's failure to raise entrapment as an affirmative defense. As *Hill* notes, "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." 474 U.S. at 59, 106 S.Ct. at 371. *See Evans v. Meyer*, 742 F.2d 371, 375 (7th Cir.1984).

As a threshold matter, petitioner would be wrong to assume that his counsel is required to mount any and all possible defenses, including those that are frivolous in substance. Such a strategy would only be a "useless charade" and may ultimately work to harm the interests of the client.[1] *See Ames v. New York State Div. of Parole*, 772 F.2d 13, 16 (2d Cir.), *cert. denied*, 475 U.S. 1066, 106 S.Ct. 1379, 89 L.Ed.2d 605 (1986); *Mitchell v. Scully*, 746 F.2d 951, 957 (2d Cir.), *cert. denied*, 470 U.S. 1056, 105 S.Ct. 1765, 84 L.Ed.2d 826 (1985). Benefitting from a review of the full record, I am more than satisfied that an entrapment defense would not be likely to succeed at trial. *Isaraphanich v. United States*, 632 F.Supp. 1531, 1534 (S.D.N.Y. 1986) ("[N]or is there any reason to believe that an entrapment defense likely would have succeeded at trial, since it is a matter of legal realism that such defenses rarely succeed."). In short, petitioner "has failed to show a reasonable probability that, but for his attorney, the [charges against him] would have been disposed of on a more favorable basis than they were." *Ames*, 772 F.2d at 16.

As the judge presiding over the plea and the sentence in this case, I recall with clarity the proceedings and the performance of counsel. My review of the record serves only to confirm that recollection.

Having observed counsel's performance first-hand, the Court cannot find that petitioner was denied his right to effective assistance of counsel. I am convinced, through my own dialogue with petitioner, that the plea was knowing and voluntary. Plea tr. at 2–6. *See Tollett*, 411 U.S. at 266, 93 S.Ct. at 1607; *Isaraphanich*, 632 F.Supp. at 1534 (proper focus of federal habeas inquiry into counsel's failure to raise entrapment defense at plea is the "voluntary and intelligent character" of the plea).

As reflected in the carefully negotiated plea agreement, and by the minimum guideline sentence ultimately imposed, petitioner was represented by able counsel. Pursuant to the negotiated plea, petitioner's exposure to incarceration was reduced from a statutory minimum of five and a maximum of forty years, to a minimum of zero and a maximum of twenty years. Plea tr. at 9–10; Respondent's Mem. at 11.

Through the same negotiated plea, the government also agreed not to pursue any further charges against petitioner arising from its investigation. *Id.* Counsel's diligent representation continued through sentencing where arguments from defense counsel effectively persuaded the Court to impose the minimum sentence under the applicable guideline range, even though the government made a motion—denied on lateness grounds—to increase the offense level. Sentencing tr. at 2.

## CONCLUSION

The motion to vacate petitioner's sentence pursuant to § 2255 must be, and hereby is, denied.

SO ORDERED.

---

1. Absent a theory of defense, a decision to stand trial can proceed with the intent of holding the government to its heavy burden of proof beyond a reasonable doubt. At the same time, even in the face of a bona fide defense, "counsel may still advise his client to plead guilty if that advice falls within the range of reasonable competence under the circumstances." *United States v. Cronic*, 466 U.S. 648, 656–57 n. 19, 104 S.Ct. 2039, 2045–46 n. 19, 80 L.Ed.2d 657 (1984) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–68, 93 S.Ct. 1602, 1607–09, 36 L.Ed.2d 235 (1973)); *Parker v. North Carolina*, 397 U.S. 790, 797–798, 90 S.Ct. 1458, 1462–63, 25 L.Ed.2d 785 (1970); *McMann v. Richardson*, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 1448–49, 25 L.Ed.2d 763 (1970).