745 F.Supp. 854 (1990)
Robert CARTER, Petitioner,
v.
Charles J. SCULLY, Superintendent; Greenhaven Correctional Facility; Robert Abrams, Attorney General, State of New York; John Santucci, District Attorney, County of Queens, Respondents.
No. 89 CV 1834.
United States District Court, E.D. New York.
August 23, 1990.
*855 Robert Carter, pro se.
Michael O'Brien, John Santucci, Dist. Atty., Queens County, for respondents.

MEMORANDUM AND ORDER
McLAUGHLIN, District Judge.
Petitioner, pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the motion is denied.

FACTS
On December 15, 1978, petitioner pled guilty in New York Supreme Court, Queens County, to second degree murder. N.Y.Penal Law § 125.25 (McKinney 1987). Petitioner was subsequently sentenced to serve a term of twenty years to life imprisonment. The Appellate Division affirmed. People v. Carter, 73 A.D.2d 953, 424 N.Y. S.2d 15 (2d Dep't), leave to appeal denied, 49 N.Y.2d 892, 427 N.Y.S.2d 1029, 405 N.E.2d 239 (1980), cert. denied, 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980).
Petitioner, having exhausted his available state remedies, raises four grounds in support of his motion for federal habeas corpus relief: (1) ineffective assistance of counsel; (2) failure of the trial court to apprise petitioner of an "intoxication defense" prior to accepting his guilty plea; (3) the prosecutor's breach of the plea bargain in requesting the maximum sentence; and (4) the plea was not voluntary.

DISCUSSION

I. Ineffective Assistance of Counsel
To successfully establish ineffective assistance of counsel, petitioner must prove that (1) counsel's errors fall below an objective standard of reasonableness, and (2) but for counsel's errors, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984).
Petitioner argues that his counsel, before both the trial court and on appeal, failed to demonstrate petitioner's mental incapacity to enter a voluntary guilty plea. In addition, petitioner argues that counsel failed to raise the defense of intoxication.

*856 A. Mental Incapacity to Enter a Guilty Plea

The well established test for "determining the validity of a guilty plea is `whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162 (1970)); see also Santobello v. New York, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).
If a defendant's mental capacity at the time of a plea is at issue, obvious concerns arise over whether the plea is voluntary and knowing. The question is whether or not a judge should proceed, and "the test must be whether [the defendant had] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [as well as having had] a factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824 (1960); Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805, 107 S.Ct. 248, 93 L.Ed.2d 172 (1986).[1] The record at hand does not establish that petitioner lacked the ability to enter a knowing and voluntary guilty plea or that he could not communicate with his lawyer about the facts of his case.
Petitioner's claim of mental incapacity stems, literally, from a shot to the head. Respondent's Brief at A21. During the commission of the crime, petitioner received a gunshot wound. Plea tr. Nov. 16 at 8. At petitioner's behest, the trial court ordered a psychiatric examination to determine if the injury had affected his competence to stand trial. The results of the examination, conducted by two court-appointed psychiatrists, concurred with the opinion of petitioner's own counsel; all agreed that he was fit to stand trial. Motion tr. Sept. 29 at 5.
Although it was determined that petitioner may have suffered a possible loss of memory in certain "well defined areas," the record clearly indicates that he had a superb recollection of the circumstances surrounding his crime. Plea tr. Nov. 16 at 8-9. Petitioner's active participation in the plea bargaining and aggressive questioning of the court indicate that he was fully aware of the circumstances. Plea tr. Nov. 16 at 6-7.
To assess whether counsel was remiss in advising his client to plead guilty, the Supreme Court made it clear in Hill that the Strickland standard applies. 474 U.S. at 57, 106 S.Ct. at 369. Because the record does not substantiate a finding of mental incapacity, neither trial nor appellate counsel can be faulted for failing to pursue the issue of petitioner's mental health. The initial advice by trial counsel to plead guilty was well within the "reasonable" standard set in Strickland, supra, and appellate counsel cannot be faulted for not pursuing every issue on appeal, even when pressed to do so by the client. Jones v. Barnes, 463 U.S. 745, 752-753, 103 S.Ct. 3308, 3313, 77 L.Ed.2d 987 (1983).

B. Intoxication Defense

Intoxication is not a defense to a criminal charge, except to the extent that it is relevant to assessing intent. Hopt v. People, 104 U.S. 631, 633-4, 26 L.Ed. 873 (1881); Evans v. Meyer, 742 F.2d 371, 373 (7th Cir.1984); Gunn v. Kuhlman, 479 F.Supp. 338, n. 13 (S.D.N.Y.1979). The issue is not whether or not a defendant was intoxicated, but "whether his condition was of such a character that it destroyed the power to form a particular intent, which is a necessary element of the crime...." *857 Guarino v. Dunham, 637 F.Supp. 1180, 1181 (E.D.N.Y.1986); People v. Cintron, 74 A.D.2d 457, 428 N.Y.S.2d 267 (2d Dep't 1980). The record does not substantiate such a finding.
The singular basis for petitioner's contention that he was intoxicated during the commission of the crime is his own statement during the plea allocution in which he stated that he was "quite high on Angel Dust." Plea tr. Nov. 16 at 8. At the plea, however, petitioner clearly recalled entering the store to demand money and then feeling threatened by some movement of the victim which prompted petitioner to shoot and kill him. Plea tr. Nov. 16 at 8-9.
The facts, as recited during petitioner's plea, reflect purposeful conduct that is inconsistent with disabling intoxication. Since the record does not contain any credible evidence to indicate that petitioner was intoxicated, and if so, to what extent, the Court cannot fault counsel for not pursuing this defense. Indeed, "if there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." United States v. Cronic, 466 U.S. 648, 656-57 n. 19, 104 S.Ct. 2039, 2045-46 n. 19, 80 L.Ed.2d 657 (1984); see also Hill, supra, 474 U.S. at 59, 106 S.Ct. at 370 (counsel will not be held in error for not having pursued a defense which had a negligible chance for success); Isaraphanich v. United States, 632 F.Supp. 1531, 1534 (S.D.N.Y.1986).

II. Trial Court's Failure to Disclose Available Defenses
In connection with the Hill test for determining the validity of guilty pleas, a court may accept a defendant's guilty plea as long as it informs the accused that "alternative courses of action" are open to him. Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164. The court need not, however, enumerate every constitutional right a defendant will waive if he pleads guilty. Guerrero v. Harris, 461 F.Supp. 583, 588 (S.D.N.Y.1978). This court is satisfied that the trial court, after making the appropriate and requisite inquiries, provided more than enough information to petitioner so as to ensure a "voluntary and intelligent" plea. Alford, 400 U.S. at 31, 91 S.Ct. at 164.
When defense counsel moved to change petitioner's plea to a plea of guilty, the court made a finding that petitioner was aware of the constitutional rights he waived by pleading guilty. Plea tr. Nov. 16 at 2-5. Petitioner affirmatively stated that he understood the rights he was giving up, then explained the plea agreement and the facts of the crime. Plea tr. Nov. 16 at 8-9. The plea in this case is wholly valid and, in all respects, constitutional.

III. Breach of Plea Bargain
Precedent, equity and common sense command that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971); United States v. Alexander, 869 F.2d 91, 94-95 (2d Cir.1989). It is equally well settled that an "otherwise valid conviction should not be set aside if the reviewing court may confidently say, on the whole record, that the constitutional error was harmless beyond a reasonable doubt." Delaware v. Van Arsdall, 475 U.S. 673, 681, 106 S.Ct. 1431, 1436, 89 L.Ed.2d 674 (1986); see also Leecan v. Lopes, 893 F.2d 1434 (2d Cir.), cert. denied, ___ U.S. ___, 110 S.Ct. 2627, 110 L.Ed.2d 647 (1990) (applying the harmless-error analysis in a habeas corpus case).
Petitioner claims that the prosecutor breached a plea bargain when, at sentencing, he recommended the maximum sentence. Sentencing tr. Dec. 15 at 2. The facts, however, do not support a finding that any agreement prevented the prosecutor from taking a position at sentence. At the plea allocution, petitioner was asked several times by the court whether any inducement, other than the state's agreement not to follow up on separate charges *858 involving his relatives, existed. Plea tr. Nov. 16 at 5-7. Furthermore, the court deliberately focused petitioner's attention by asking "particularly, was there any inducement or promise made to you as regards [to] this Court's sentence?" Petitioner unequivocally replied "No, there was not, your Honor. No, there was not." Plea tr. Nov. 16 at 7.
Assuming, however, that the plea agreement in this case had been breached, the Court is convinced that the error falls under the Delaware harmless-error doctrine. Upon defense counsel's immediate objection to the prosecutor's recommendation for the maximum penalty, the sentencing judge stated outright that he would "make the ultimate determination as regards the sentence of this defendant regardless of the recommendation of anybody." Sentence tr. Dec. 15 at 2-3. The sentencing court did not, in fact, give the maximum penalty. People v. Carter, 73 A.D.2d 953, 424 N.Y.S.2d 15 (2d Dep't), leave to appeal denied, 49 N.Y.2d 892, 427 N.Y.S.2d 1029, 405 N.E.2d 239 (1980), cert. denied 449 U.S. 861, 101 S.Ct. 164, 66 L.Ed.2d 77 (1980), and added that it was not inclined to sentence first-felony offenders to the maximum. Sentence tr. Dec. 15 at 5; see also Respondent's Brief at 6. On a review of the record, the Court is satisfied that prejudice, if any, accruing from the prosecutor's request for the maximum sentence was harmless and does not provide a basis for federal habeas corpus relief in this case.

IV. Voluntariness of Plea
Petitioner's last argument in support of his motion for a writ of habeas corpus is that his plea was involuntary, not because of any mental incapacity, but because he was coerced by the prosecutor. It is basic to our system of justice that a plea of guilty not be coerced but, rather, be both "voluntary and intelligent." Alford, supra, 400 U.S. at 31, 91 S.Ct. at 164. When made with the assistance of counsel, guilty pleas  as part of some exchange with the prosecution  are consistent with the "voluntary and intelligent" requirement. Mabry v. Johnson, 467 U.S. 504, 508, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984). Similarly, "a guilty plea is [not] invalid ... whenever motivated by the defendant's desire to accept the certainty or probability of a lesser penalty...." Brady v. United States, 397 U.S. 742, 751, 90 S.Ct. 1463, 1470, 25 L.Ed.2d 747 (1970).
Petitioner claims that he was forced into pleading guilty because the prosecutor threatened to bring additional charges against him. On a review of the record, the Court finds this final claim to be without merit. When asked if anyone forced, coerced, or threatened him into pleading guilty, petitioner answered "no". Plea tr. Nov. 16 at 5. The mere fact that the State promised to drop an investigation in contemplation of a plea does not, conversely, make the investigation itself tantamount to some form of undue influence. Petitioner's claim of a coerced plea, therefore, fails.

CONCLUSION
Accordingly, the motion for a writ of habeas corpus must be, and hereby is, denied.
SO ORDERED.
NOTES
[1] See e.g., Pate v. Robinson, 383 U.S. 375, 386, 86 S.Ct. 836, 842, 15 L.Ed.2d 815 (1966) (defendant's history of "pronounced irrational behavior" warranted investigation of his sanity); Silverstein v. Henderson, 706 F.2d 361, 367 (2d Cir.), cert. denied, 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983) (long history of mental illness and conflicting reports as to defendant's sanity led to further inquiry of his mental capacity); United States ex rel. Roth v. Zelker, 455 F.2d 1105, 1108 (2d Cir.), cert. denied, 408 U.S. 927, 92 S.Ct. 2512, 33 L.Ed.2d 340 (1972) (only when evidence provides reasonable basis for believing that defendant is incompetent should the court order further examination).