Peter, T. Farrell, J.
This is a motion by the defendants for an order to allow the results of polygraph examinations to be admitted into evidence at the trial of this indictment.
Defendants were indicted on April 21, 1972 for the crime of murder.
A hearing was held pursuant to an order of this court and witnesses were heard and evidence taken on the question of admissibility of the tests and as to whether or not the standards of this State for its admissibility have been met. (People v. Leone, 25 N Y 2d 511; Matter of Sowa v. Looney, 23 N Y 2d 329; People v. Forte, 279 N. Y. 204.)
In People v. Leone (supra, p. 518), the court stated: “We are" all aware of the tremendous weight which such tests would necessarily have in the minds of a jury. Thus, we should be most careful in admitting into evidence the results of such tests unless their reasonable accuracy and. general scientific acceptance are clearly recognized. ”
In setting the standard to be met the court stated: “ Although perfection in test results is not a prerequisite to the admissibility of evidence obtainable by the use of scientific instruments, the rule has been to grant judicial recognition only after the instrument has been sufficiently established to have gained general acceptance in the particular field to which it belongs. (Wigmore, Evidence [3d ed.], § 990.) ”
As late as December 11, 1969 when People v. Leone (25 N Y 2d 511, supra) was decided the Court of Appeals of this State decreed that the reliability of the tests as of that time had not met the required standards and would not be admissible into evidence. The question then before this court is whether or not since that time there has been a material change in the polygraph machines now being used and the interpretation of reaction by the examiners that would adequately establish that such tests are now reliable to the extent of being admitted into evidence.
After an abundance of testimony from many witnesses well versed in the field of polygraphs, and upon all the evidence adduced at the hearing, the court finds that since December 11, *1042 1969 there have been no significant changes in the polygraph machines or practice. Nor is there at this time a generally accepted standard to determine who is a qualified examiner. New York State in fact has not as yet set standards nor issued licenses for polygraph examiners.
The motion is therefore denied in all respects.