Lyman H. Smith, J.
This is a motion by the defendant for an order, inter alia, (1) authorizing the admission into evidence of the results of a proposed polygraph examination and (2) directing a severance and separate trials of several counts of the indictment (No. 34769).
That portion of the defendant’s motion requesting admission of the results of a polygraph examination is denied.
The People in their opposition papers refused defendant’s offer to stipulate admission of polygraph evidence and otherwise opposed the motion. Subsequently, this court heard oral argument concerning the reliability of polygraph evidence and reserved decision on the application.
In People v. Leone (25 N Y 2d 511), the Court of Appeals held that the results of polygraph examinations were not to be admitted in evidence unless or until “their reasonable accuracy and general scientific acceptance are clearly recognized.” The court concluded that as of December 11, 1969, polygraph procedures had not reached that degree of reliability and acceptance. In People v. Jacobson (71 Misc 2d 1040) Mr. Justice Farrell of the Queens County Supreme Court reviewed the current status of the polygraph machine and practice and concluded that there have been no significant changes in that area since People v. Leone (supra). Similarly, this court has considered arguments of counsel and finds nothing to indicate that polygraph results have reached that degree of accuracy and acceptance in the scientific community prerequisite to admission as evidence upon the trial.
The second phase of defendant’s motion requests an order severing, the last three counts from the seven-count indictment and prays that a separate trial be held as to these counts. The defendant has offered two reasons for the requested ruling, one of which he raised in his motion papers, the other being submitted during oral argument of the motion.
During oral argument, defense counsel maintained the counts of the indictment should be severed because of their improper joinder in a single indictment. Directing the court’s attention to the fact that the last three counts of the indictment relate to acts which allegedly occurred on January 21, 1972 while the preceding four counts of the indictment concern January 13, *347 1972, he argued that joinder of two separate and distinct alleged criminal transactions in a single indictment was improper and unauthorized by law.
This contention is without merit. CPL 200.20 (subd. 2) states: “ Two offenses are ‘ joinable ’ when * * * (c) even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law
Since the first four counts of the indictment charge the defendant with bribe receiving, receiving a reward for official misconduct and official misconduct (two counts) and the last three counts charge the identical three crimes, the defendant’s contention that these seven counts are improperly joined cannot be sustained.
The court notes however that when the joinder rests solely upon the authority of CPL 200.20 (subd. 2, par. [c]), the court may in its discretion order a severance when the moving party demonstrates that such action would be in the interest of justice and good cause has been shown for the severance. (CPL 200.20, subd. 3.)
In this regard the defendant’s second argument (raised in his moving papers) has more substance, for at this point he urges that a severance is necessary in order to avoid prejudice to his case. Specifically, the defendant states at page 2 of his affidavit in support of the motion: “ I join in the application of my attorney to sever these counts into two separate trials insofar as although I am anxious and willing to testify in my own behalf in regard to the first of these alleged incidents, after discussions with my attorney, I, at this time, do not wish to testify in regard to counts 5-8 despite my innocence because of the allegations of ‘ syndicated organized crime ’ and the fact that I have on one occasion met by accident, an alleged member of syndicated crime and because of the great inferences that can be drawn from such a fact, I am not willing to expose myself to questions along those lines pursuant to the advice of counsel.”
"Whether this constitutes good cause for a severance does not appear to have been adjudicated or reported in our State. However, the question has been litigated in the Federal courts and there is, in those jurisdictions, a significant body of case law on the subject.
In the leading case of Gross v. United States (335 F. 2d 987 [1964]) it was established that a defendant may under certain circumstances be entitled to a severance when he asserts he has *348 reason or desire to testify as to certain counts of an indictment but wishes to exercise his right to remain silent as to others. In Cross, the defendant was tried on a two-count indictment charging him with two robberies allegedly committed on different dates. Apparently, the defendant had a convincing defense to the second robbery and requested a severance and separate trial as to that count so that he might testify on his own behalf. As to the first robbery, the defendant indicated that he sought the protection of the Fifth Amendment (United States Constitution) and wished to remain silent. The request was denied and the defendant subsequently testified as to both robberies. He was acquitted on the second count but was found guilty on the first.
The appeals court noted that the defendant’s testimony as to the second count, was manifestly convincing, but as to the first count {supra, p. 990), “ his denial was plainly evasive and unconvincing.” The court concluded that {supra, p. 991) “ since the joinder embarrassed and confounded Cross in making his defense, the joinder was prejudicial within the meaning of Rule 14.” (Fed. Rules Grim. Pro., U. S. Code, tit. 18, rule 14, Appendix.)
Although the Cross decision is based upon the construction of a Federal procedural statute, it was noted in United States ex rel. Tarallo v. La Valle (433 F. 2d 4 [1970]) that the Federal rule and New York’s severance statute (Code Crim. Pro., § 279, now substantially restated in CPL 200.20, subd. 3) are essentially similar. This court is satisfied that a showing of prejudice as required by the Federal rule, would also constitute ‘ ‘ good cause ” for severance within the meaning of CPL 200.20 (subd. 3).
This does not mean, however, that a request for a severance based on such ground is available for the mere asking. A defendant who urges the court to exercise its discretionary power to grant a severance must make a clear showing that there is in fact good cause for the relief requested. As the court stated in Baker v. United States (401 F. 2d 958, 977): “no need for a severance exists until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information — regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other — to satisfy the court that the claim of prejudice is genuine anfi to enable it intelli *349 gently to weigh the considerations of economy and expedition in judicial administration ’ against the defendant’s interest in having a free choice with respect to testifying.” (Emphasis supplied.)
In the instant case, the defendant has failed to meet this burden. Although in his moving papers he has suggested the bare outline of his reasons for wishing not to testify (as to the last three counts in the indictment) he has neglected to inform the court as to the nature of the testimony he would give as to the remaining counts. In this regard, and during oral argument, the court sought to elicit from defense counsel sufficient facts to enable the court to determine the merit of defendant’s contentions, and in fact offered the defendant the opportunity to submit these facts in camera. Nevertheless, the defense counsel declined to make an offer of proof. Under such circumstances the court finds that the defendant’s contention has not been sustained and the motion to sever must be denied.
It is therefore ordered that the defendant’s motion is denied in all respects.