OPINION OF THE COURT
Wachtler, J.
In order to defeat a motion by the People to consolidate two indictments made on the ground that proof of one offense would be material and admissible upon a trial of the second offense (CPL 200.20, subd 2, par [b]; subd 4), a defendant claiming that he wishes to testify as to the first allegedly criminal transaction but not as to the second must make a convincing showing that he has both important testimony to give concerning one offense and a strong need to refrain from testifying as to the other. In that neither defendant here advanced sufficient information or grounds to satisfy this requirement, the Appellate Divi *6 sion’s orders affirming the judgments of conviction in each case should be affirmed.
Defendants were charged in Indictment No. 1065 with a robbery which occurred on November 29, 1978 and in Indictment No. 1066 with a robbery which occurred on December 2, 1978. The circumstances underlying each charge were remarkably similar. In each instance two young men matching defendants’ descriptions were picked up while hitchhiking in downtown Rochester. Once in the vehicle a knife was held on the driver, who was ordered to drive to a location near Driving Park Bridge. There the driver was removed from the car, robbed of his money and locked in the trunk. The car was then driven to and abandoned on a dead-end road near the Genesee River Gorge.
The People filed a pretrial motion for consolidation of the indictments on the ground that proof of the underlying criminal transaction as to one offense would be material and admissible as evidence-in-chief on trial of the other (CPL 200.20, subd 2, par [b]; subd 4). Based upon oral arguments the court granted the motion to consolidate.
Defendants thereafter moved for reconsideration and an affidavit of counsel was submitted on behalf of each defendant in opposition to consolidation informing the court that they wished to testify with respect to the events of November 29 but that they desired to remain silent as to the events of December 2. More specifically, as to Indictment No. 1065, each defendant represented an intent to testify that his involvement on November 29 with the victim was for the purpose of engaging in certain sexual acts for money, and that regardless of whether those acts occurred and may have been criminal in nature, no robbery was committed. As to Indictment. No. 1066, however, each defendant represented a desire to remain silent in that due to the inability of the victim to identify one of the perpetrators of the alleged December 2 robbery and to the court’s suppression of any identification of the other individual involved, he would rest his defense on what he perceived to be the weakness of the People’s identification evidence.
Defendants contended that under these circumstances it was error to have ordered consolidation of the indictments. *7 The trial court again rejected defendants’ arguments and denied the motion for reconsideration.
Neither defendant took the stand at trial. The jury found both defendants guilty of the November 29 robbery and found defendant Wells guilty of the December 2 robbery but acquitted defendant Lane of that charge. The Appellate Division affirmed all judgments of conviction. We hold that the trial court did not err in consolidating the two indictments and affirm.
As a preliminary matter it is advisable to distinguish between consolidation and severance in the context of a criminal proceeding and briefly examine pertinent legislation in the area. Consolidation is the procedure by which the prosecutor or the defendant attempts to have two or more separate indictments combined for a single trial. To obtain consolidation the applicant must demonstrate to the satisfaction of the court not only that the offenses charged in the separate indictments are joinable in accordance with the statutory criteria set forth in CPL 200.20 (subd 2) but also that combination for a single trial is an appropriate exercise of discretion (CPL 200.20, subd 4).
By contrast, severance is the converse procedure by which the prosecutor or the defendant attempts to obtain separate trials of two or more counts contained in a single indictment. To effect a severance the applicant must either demonstrate that the counts were not joinable under the statutory criteria (CPL 200.20, subd 2) or seek a discretionary severance Under CPL 200.20 (subd 3). The latter subdivision applies, however, only with respect to counts which are joinable under paragraph (c) of subdivision 2 of the section (offenses defined by same or similar statutory provisions), and severance will be granted only if he can persuade the court that the severance should be granted “in the interest of justice and for good cause shown”.
It is significant that in the last-quoted phrase the Legislature has established a standard for the exercise of discretion on applications for severance in the single category of cases identified. All requests for consolidation, however, are governed under the statute simply by the permissive “may”.
*8 Thus it is clear that the decision to consolidate separate indictments under CPL 200.20 (subd 4) is committed to the sound discretion of the Trial Judge in light of the circumstances of the individual case, and the decision is reviewable on appeal to this court only to the extent that there has been an abuse of that discretion as a matter of law. Trial courts should generally weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant’s interest in being protected from unfair disadvantage. While the trial courts must be afforded reasonable latitude in exercising discretion in these matters, we emphasize that compromise of a defendant’s fundamental right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated.
Consolidation can conceivably be opposed on a wide variety of grounds. The specific issue presented by the instant appeals is the degree to which a defendant must demonstrate some articulable prejudice in order to defeat a consolidation motion when the defendant’s root contention is that he wishes to testify as to a criminal transaction alleged in one indictment but desires to remain silent as to a criminal transaction alleged in the other indictment. The basis of the People’s consolidation motion is that the evidence relating to the two crimes would be admissible on each indictment even if they were tried separately.
We find it appropriate to adopt the standard espoused by the seminal decision governing defendants’ contention in the context of a motion to sever separate counts of a single indictment. In Baker v United States (401 F2d 958, 977, cert den 400 US 965), the court required that the defendant make “a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information — regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other — to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of ‘economy and expedition in judicial administration’ against the defendant’s interest in *9 having a free choice with respect to testifying”. This test has previously been applied in this State in the determination of severance motions (see People v Dodge, 72 Misc 2d 345), and in that the same considerations of fairness and prejudice apply we see no reason why the Baker standard should not also govern the exercise of judicial discretion in determining consolidation motions.
Our decision in People v Shapiro (50 NY2d 747) is entirely consistent with and supportive of the result we reach today. There the defendant was charged in Indictment No. 143 with 64 counts of repeated sodomitic acts over a 17-month period, and in Indictment Nos. 117 and 118 with the more serious offense of promoting the conduct in question but in relation to only a single event. After consolidation of the three indictments, defendant moved to sever trial on Indictment No. 143 from trial on Indictment Nos. 117 and 118 but the motion was denied. Defendant claimed that the multiplicity of the 64 counts in the former carried the potential of prejudicing his defense on the charges arising out of the latter, unrelated single incident, in that the promotion offense would be deemed simply a natural outgrowth of the numerous individual offenses. Additionally, the defendant swore that although he did not want to take the stand in Indictment No. 143, presumably electing to rely on his legal defenses, he desired to do so in Indictment Nos. 117 and 118 because he was the only one who could possibly deny the promotion charges.
We held that it was an abuse of discretion as a matter of law to deny the motion under the unique circumstances presented in Shapiro. Although we did not expressly apply the Baker test, we cited People v Dodge (supra), as precedent for our holding and, as noted above, Dodge did expressly adopt the Baker test. Moreover, we made it abundantly clear that the Baker standard was fully satisfied in Shapiro (People v Shapiro, 50 NY2d, at p 757).
Proceeding to the facts at bar, we find that the trial court did not abuse its discretion in granting the People’s motion and ordering the consolidation of Indictment Nos. 1065 and 1066. Assuming, arguendo, that defendants made a sufficient showing that they had important testimony to give regarding the November 29 robbery, we find that they did *10 not convincingly demonstrate a strong need to refrain from testifying as to the December 2 robbery.
The stated desire to take advantage of a perceived weakness in the People’s case on the issue of identification is alone patently insufficient. Rather, it was incumbent upon defendants to articulate in concrete terms why they would be unduly prejudiced by giving testimony on the December 2 count either supporting misidentification or simply denying the charge. For example, the possibility of cross-examination regarding specific criminal convictions or prior sordid conduct and the attendant risk óf serious impeachment may justify a desire to refrain from testifying on one count but not on another where testimony is essential regardless of the risk of impeachment. However, speculative fears of exposure to cross-examination regarding undocumented events and abstract claims of impeachment, like the “conclusory generalities” and “self-serving representations” identified in Shapiro, should never be considered dispositive absent the most obviously egregious circumstances.
Finally, we note that if the defendant believes he would be revealing information to which the prosecution is not privy and which would unfairly expose his tactics or strategy, he should request the simple expedient of an in camera review of the damaging information or assertions. Given that the customary Sandoval motion will have been made or anticipated prior to the consolidation motion it is doubtful that this procedure will be necessary in most instances.
We have reviewed the other contentions raised by defendants and find them to be without merit.
Accordingly, in each case the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
In each case: Order affirmed.