THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SIMPKINS, Appellant.

Defendant was originally charged, under two distinct indictments, with the robberies of two separate complainants. Indictment No. 6879/82 charged him with the crimes of robbery in the first degree and criminal use of a firearm in the first degree emanating from a September 3, 1982, incident. Indictment No. 6888/82 charged defendant with robbery in the second degree and criminal possession of stolen property in the third degree emanating from a November 24, 1982 incident whereby defendant, along with an unapprehended accomplice, forced the complainant into an empty parking lot, hit him with a brick, and removed his wallet.

Prior to trial, the People moved to consolidate the aforesaid indictments on the grounds that common questions of law and fact were involved, that defendant had exhibited a *modus operandi* by preying on people he knows, and that the complainant under the second indictment had been an eyewitness to the robbery charged under the first indictment and would be called to testify regarding both incidents. Defense counsel opposed the People's motion, charging that it was a thinly veiled attempt to exhibit to the jurors defendant's alleged propensity to commit crimes.

While the trial court rejected the People's theory of *modus operandi,* it granted the motion given the existence of a witness common to both cases and the fact that certain of the evidence-in-chief in one case would also be material evidence in the other. The indictments were then consolidated under indictment No. 6879/82.

Under the precise circumstances of this case, we conclude that the consolidation of the two indictments, notwithstanding the dissimilarities between the underlying incidents, did not constitute reversible error.

Two offenses are "joinable" pursuant to CPL 200.20 (2) (b), (c) when, *inter alia:*

"(b) Even though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or

"(c) Even though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law".

The determination of an application to consolidate separate indictments under CPL 200.20 (4) is committed to the sound discretion of the trial court in light of the circumstances of the particular case (*People v Lane,* 56 NY2d 1, 8). Notwithstanding the broad scope of this discretion, the Court of Appeals has issued the following caveat: "While the trial courts must be afforded reasonable latitude in exercising discretion in these matters, we emphasize that compromise of a defendant's fundamental right to a fair trial free of undue prejudice as the *quid pro quo* for the mere expeditious disposition of criminal cases will not be tolerated" (*People v Lane, supra,* at p 8).

The mere fact that indictments charged similar or related crimes does not suffice to justify their consolidation. By way of illustration, consolidation of robbery and possession of a weapon indictments was deemed improperly granted where the subject crimes had not been part of the same criminal transaction and where they were removed in time and place from each other (*People v Connors,* 83 AD2d 640, 641).

The governing standard for the exercise of judicial discretion in determining consolidation motions, as adopted by the Court of Appeals, requires that the defendant make " 'a convincing showing that he has both important testimony to give concerning one

count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information — regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other.— to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying' " (*People v Lane, supra,* at pp 8-9, citing *Baker v United States,* 401 F2d 958, 977).

In the instant case, defendant has utterly failed to articulate any reason why it was necessary for him to testify with respect to one incident and to refrain from testifying as to the other, besides some vague and conclusory assertions that his 5th Amendment rights would thereby be violated and a fair trial rendered impossible. This can hardly be deemed to constitute the convincing proof required. Moreover, the jury acquitted defendant of the robbery charge arising out of the September 3 incident while convicting him of the robbery count contained in the later indictment. This amply demonstrated that the jurors were sufficiently unprejudiced by the consolidation, since they were able to independently evaluate the evidence presented with respect to each separate incident (*see, People v Peterson,* 42 AD2d 937, *affd* 35 NY2d 659; *People v Lowe,* 91 AD2d 1100; *People v Freeman,* 41 AD2d 811).

In conclusion, the overwhelming evidence of defendant's guilt, including the identification testimony by the two complainants, negates any potential prejudice accruing from the consolidation. In view of defendant's failure to sustain his burden of establishing his need to refrain from testifying, the absence of prejudice to defendant and the overwhelming proof of guilt, "it would be a sheer waste to retry this case" (*People v Peterson, supra*).

We have considered defendant's remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Weinstein and Niehoff, JJ., concur.