■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ANDERSON, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered November 8, 1982, convicting him of attempted assault in the second degree and burglary in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which sought the suppression of evidence.

Judgment affirmed.

The defendant's vehicle was initially observed by a police officer parked in the lot of a shopping center at some distance from the only business establishment which was open at the time. The observation was made in an area noted for burglaries, and in close proximity to a recently burglarized residence, which had been the subject of a police radio transmission. It bears noting that the shopping center and the backyards of two recently burglarized premises adjoined a common street, making for easy access. The officer requested a license plate check on the vehicle due to the suspicious circumstances.

Shortly after the initial observation, the officer observed the defendant's vehicle drive by on Willis Avenue. He began to trail the vehicle and observed it make a rapid left-hand turn in front of oncoming traffic and across a double yellow line, causing oncoming traffic to halt. The officer then turned on his overhead lights and ordered the defendant to stop. He shined a flashlight through the rear window of the defendant's vehicle and observed a fur coat wrapped around some sort of wooden sculpture. A struggle ensued as a result of which the officer was stabbed. As the officer reached for his revolver, the defendant fled on foot. The defendant was apprehended some five months later in New York City. After the defendant was transferred to the custody of Nassau County police officers and

while he was being transported back to Nassau County, the defendant spontaneously uttered the following: "[H]ow is the cop? I didn't want to hurt him". After being advised of his constitutional rights, the defendant proceeded to make a series of inculpatory statements. Inasmuch as the People had knowledge of an outstanding indictment pending against this defendant, the People stipulated that they would not use the aforementioned statements at trial on their direct case.

The defendant's pretrial motion, *inter alia,* to permit him to accept a previously rejected plea offer, was denied and the matter proceeded to trial resulting in the defendant's conviction of attempted assault in the second degree as a lesser included offense of attempted murder in the first degree, and two counts of burglary in the third degree.

The defendant contends on appeal that the trial court erred in denying his motion to sever the count of the instant indictment charging him with attempted murder in the first degree from the remaining two burglary counts contained therein. We disagree.

In order to establish entitlement to a severance of counts in an indictment, a defendant must make: " 'a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying' " *(People v Lane,* 56 NY2d 1, 8-9, citing *Baker v United States,* 401 F2d 958, 977, *on remand* 430 F2d 499, *cert denied* 400 US 965).

In the instant case, the defendant failed to make the required convincing showing as to why it was necessary for him to testify with respect to one count of the indictment and to refrain from testifying as to the others. Other than the vague and conclusory contention that he wished to testify as to his lack of intent on the attempted murder charge without subjecting himself to cross-examination on the burglary counts, the defendant's request for a severance was premised upon his perception that the People's identification evidence was weak.

In *People v Lane (supra,* at p 10), it was specifically stated

by the Court of Appeals that "[t]he stated desire to take advantage of a perceived weakness in the People's case on the issue of identification is alone patently insufficient". Moreover, conclusory statements with respect to an alleged violation of 5th Amendment rights can hardly be deemed to constitute the convincing proof required (see, People v Simpkins, 110 AD2d 790). Accordingly, it cannot be said that the court abused its discretion in denying the defendant's request for a severance.

Further, the hearing court properly denied the defendant's motion to suppress evidence removed from his automobile. Although the record supports a finding that the initial stop was justified as based upon the officer's observation of the defendant's crossing a double yellow line, we nevertheless conclude that assuming, arguendo, that there was any illegality, any possible taint which might have existed as a result of the stop was dissipated by the defendant's intervening act of stabbing the officer and fleeing (see, People v Bryant, 87 AD2d 873, 875, affd 59 NY2d 786, rearg dismissed 65 NY2d 638). The stabbing and ensuing flight constituted a new crime which clearly sanctioned the search of the defendant's automobile. It is well settled, moreover, that "[p]roperty which has in fact been abandoned is outside the protection of the constitutional provisions" (People v Howard, 50 NY2d 583, 592, cert denied 449 US 1023). The defendant here, after abandoning his vehicle in order to escape arrest for his assault of the officer, can raise no objection to its subsequent search.

Finally, the sentence cannot be characterized as unduly harsh or an abuse of discretion; nor do we find that the defendant was unconstitutionally penalized for standing trial. The defendant erroneously contends that a lesser sentence discussed during aborted plea bargain negotiations must in some sense bind the sentencing court after trial. At bar, no plea agreement was reached and the sentencing court was not bound after trial by the alleged terms thereof (see, People v Pena, 50 NY2d 400, 411, cert denied 449 US 1087). Bracken, J. P., Weinstein, Niehoff and Kunzeman, JJ., concur.