■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN CORRIGAN, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: On appeal from convictions of

two counts of felony murder and related crimes, defendant raises several claims, none requiring reversal. Defendant's primary claim is that the trial court erred in failing to charge that the testimony of an alleged accomplice must be corroborated. Since defendant neither requested such a charge nor excepted to the charge given, the issue has not been preserved for review (CPL 470.05; *People v Pelc,* 101 AD2d 995). In any event, the fact that the witness aided defendant in disposing of some evidence did not make him an accomplice as a matter of law *(see, People v Cobos,* 57 NY2d 798, 801; *People v Vataj,* 121 AD2d 756, 757, *revd on other grounds* 69 NY2d 985; *People v Smith,* 110 AD2d 669, *revd on other grounds* 68 NY2d 737, *cert denied* — US —, 107 S Ct 444) and there was other evidence that corroborated the alleged accomplice's testimony *(see, People v Graham,* 67 AD2d 172, 179).

Defendant also was not denied due process of law by a 15-month preindictment delay. Throughout this period the police conducted an extensive investigation of the two homicides and did not believe that they possessed sufficient evidence to arrest the defendant until his wife's son informed the police that defendant admitted responsibility for the crime. Moreover, defendant remained at liberty throughout the period of delay and failed to establish any prejudice *(see, People v Fuller,* 57 NY2d 152, 159-160; *People v Singer,* 44 NY2d 241, 253-254).

The trial court did not err in denying defendant's motion for severance of the counts of the indictment relating to each homicide. The counts were joinable because they are similar in law *(see,* CPL 200.20 [2] [c]). Moreover, defendant failed to make a convincing showing on the record that he had both important testimony concerning some of the counts and a genuine need to refrain from testifying on other counts *(see,* CPL 200.20 [3] [b]; *People v Lane,* 56 NY2d 1, 8-10).

We have considered defendant's remaining claims and conclude that none requires a reversal. Defendant, however, was entitled to be sentenced under the law in effect at the time the crimes were committed and, therefore, we modify defendant's conviction to the extent that the aggregate minimum period of imprisonment be 25 rather than 50 years *(see, People v Lynch,* 85 AD2d 126, 131-132; *cf.,* Penal Law § 70.30 [1] [b]). (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree, and other charges.) Present— Doerr, J. P., Boomer, Green, Lawton and Davis, JJ.