■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL EDDINS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered February 25, 1985, convicting him of reckless endangerment in the first degree, reckless endangerment in the second degree, attempted assault in the second degree, assault in the second degree, assault in the third degree, resisting arrest and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, count six of the indictment, which charged the defendant with attempted assault in the second degree pursuant to Penal Law §§ 110.00 and 120.05 (3) is dismissed, and a new trial is ordered on the remaining counts.

In an appeal by the defendant from an unrelated judgment of conviction, this court determined that the trial court's ruling on the defendant's *Sandoval* motion was erroneous insofar as it would have permitted cross-examination of the defendant with respect to certain uncharged crimes involving a planned robbery of a law firm, a planned murder of an airline executive and a murder in White Plains *(People v Eddins,* 143 AD2d 355). The trial court made the same ruling on the defendant's *Sandoval* motion in this case. We adhere to our previous decision and find that the trial court's ruling was erroneous only with respect to these uncharged crimes. It is assumed that this erroneous *Sandoval* ruling affected the defendant's decision not to testify *(see, People v Di Nicolantonio,* 140 AD2d 44). Accordingly, the defendant's convictions are reversed, and a new trial is ordered. However, the count in the indictment charging attempted assault in the second degree under Penal Law §§ 110.00 and 120.05 (3) must be dismissed because an attempted assault under that statute is a legal impossibility *(see, People v Campbell,* 72 NY2d 602).

Since there must be a new trial, we note that the various charges were properly joined under CPL 200.20 (2), and the court did not err in denying the defendant's motion for a severance *(see, e.g., People v Nelson,* 133 AD2d 470; *People v Anderson,* 118 AD2d 788, *cert denied* 479 US 859).

We find the defendant's remaining contentions to be without merit. Bracken, J. P., Sullivan, Balletta and Rosenblatt, JJ., concur.