■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO ROMAN, Appellant.—Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered December 3, 1987, convicting defendant, after a jury trial, of three counts of robbery in the first degree under indictment No. 1675/86 and one count of robbery in the first degree under indictment No. 2172/86 and sentencing him, as a second felony offender, to two indeterminate terms of imprisonment of from 12½ to 25 years under each indictment, the sentences to run consecutively, unanimously affirmed.

Under indictment No. 2172/86, defendant was charged with robbing complainant at knifepoint in her apartment when her children were present. Defendant took over $2,000 in cash and a .38 caliber revolver. Under indictment No. 1675/86, defendant was charged with robbing four persons at gunpoint. Defendant was apprehended shortly after the incident, and the gun from the first robbery was recovered.

Defendant's argument that he was penalized for going to trial, rather than accepting a plea bargain, is unpreserved for appellate review, having never been raised before sentencing court (People v Hurley, 75 NY2d 887). Even if we were to reach this issue in the interest of justice, we would find it without merit. It was well within the sentencing court's discretion to impose consecutive sentences.

Furthermore, the court did not abuse its discretion in consolidating the indictments. Proof of the gun stolen under indictment No. 2172/86 was material and admissible at a trial of the gunpoint robbery charged under indictment No. 1675/86. The defendant may defeat a motion to consolidate if he can "make a convincing showing that he has both important testimony to give concerning one offense and a strong need to refrain from testifying as to the other." (People v Lane, 56 NY2d 1, 5.) Defendant failed to provide the court with adequate information to show that his claim of prejudice was genuine (People v Lane, supra, at 8-9). Concur—Ross, J. P., Milonas, Rosenberger, Asch and Kassal, JJ.