■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MORRISON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of a controlled substance (LSD) in the second degree and criminal solicitation in the second degree. None of the issues raised by defendant on appeal has merit.

The police officers testified that, after he retrieved the envelope containing LSD from the mailbox, defendant held it up and said "It's here", and, upon seeing the officers approach, directed his codefendant to dispose of the envelope. That testimony was sufficient to corroborate the codefendant's testimony implicating defendant in the crime of criminal possession *(see,* CPL 60.22 [1]; *People v Moses,* 63 NY2d 299). Further, the proof was legally sufficient to support the finding that defendant knowingly possessed the LSD.

Defendant, who was neither the sender nor the intended recipient of the envelope, lacked standing to challenge a search of the envelope. That search was conducted pursuant to a warrant and occurred before the envelope was delivered to defendant's residence, while the envelope was in the possession of postal authorities *(see, People v Cassadei,* 165 AD2d 6, 11, *lv denied* 78 NY2d 920; *United States v Koenig,* 856 F2d 843, 846). County Court thus properly denied defendant's motion to suppress the envelope and its contents. Evidence

elicited at the suppression hearing was sufficient to satisfy both prongs of the *Aguilar-Spinelli* test *(see, Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108), thus establishing probable cause for the search of defendant and his premises *(see, People v Bigelow,* 66 NY2d 417; *People v Johnson,* 66 NY2d 398).

County Court did not abuse its discretion in denying defendant's motion for a severance of the possession and solicitation counts of the indictment *(see, People v Lane,* 56 NY2d 1). The sentence is not harsh or excessive. (Appeal from Judgment of Genesee County Court, Morton, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.