[722 NYS2d 675]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY BURROWS, Appellant.

Fourth Department, March 21, 2001

**APPEARANCES OF COUNSEL**

*Janet C. Somes, Public Defender's Office,* Rochester, for appellant.

*Howard R. Relin, District Attorney* of Monroe County, Rochester (*Stephen K. Lindley* of counsel), for respondent.

**OPINION OF THE COURT**

GREEN, J.

Defendant was charged in a single indictment with crimes arising from separate incidents involving different complainants. Counts one and two charge defendant with rape in the first degree (Penal Law § 130.35 [1]) and rape in the third degree (Penal Law § 130.25 [2]) in connection with the first incident, and counts three and four charge him with the same crimes in connection with the second incident. In moving to sever counts one and two from counts three and four, defendant requested an ex parte in camera hearing pursuant to CPL 200.20 (3) (b) (ii). The primary contention of defendant on appeal is that County Court erred in denying his severance motion without conducting such a hearing. We conclude, however, that defendant made an insufficient showing to warrant a hearing pursuant to CPL 200.20 (3) (b) (ii) and that the court properly denied the severance motion.

The two pairs of offenses charged in the indictment are joinable because they "are defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20 [2] [c]). Defendant moved for severance pursuant to CPL 200.20 (3), which allows the court, in its discretion, to order separate trials of two or more offenses or groups of offenses "in the interest of justice and for good cause shown." In the affidavit supporting the motion, defense counsel asserted that "defendant is prepared for an ex parte application to demonstrate in convincing fashion that he has substantial testimony to be given regarding certain counts and a genuine need to refrain from testifying on others." Counsel made an identical assertion in a second written severance motion, and orally requested an ex parte in camera hearing with respect to the severance motion at the conclusion of the *Wade* hearing and at the beginning of the trial. The court denied the severance motion and each request for an ex parte in camera hearing. The jury acquitted defendant of counts one and two but convicted him of counts three and four.

In *People v Lane* (56 NY2d 1), the Court of Appeals articulated the standards guiding the exercise of judicial discretion in ruling on a severance motion based upon a defendant's asserted desire to testify with respect to one charge or set of charges and to refrain from testifying with respect to another. Before severance may properly be granted, it is necessary

"that the defendant make 'a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other. In making such a showing, it is essential that the defendant present enough information—regarding the nature of the testimony he wishes to give on one count and his reasons for not wishing to testify on the other—to satisfy the court that the claim of prejudice is genuine and to enable it intelligently to weigh the considerations of "economy and expedition in judicial administration" against the defendant's interest in having a free choice with respect to testifying' " (*People v Lane, supra,* at 8-9, quoting *Baker v United States,* 401 F2d 958, 977, *cert denied* 400 US 965).

In addition to elaborating on the substantive standards for deciding a severance motion in these circumstances, the Court suggested a procedure that would allow a defendant to make the necessary convincing showing in support of the motion without prejudicing his ability to defend against the charges: "[I]f the defendant believes he would be revealing information to which the prosecution is not privy and which would unfairly expose his tactics or strategy, he should request the simple expedient of an *in camera* review of the damaging information or assertions" (*People v Lane, supra,* at 10).

Two years after *Lane* was decided, the Legislature added paragraph (b) to CPL 200.20 (3). Pursuant to CPL 200.20 (3), where, as in the instant case, two or more offenses or groups of offenses are joined in an indictment solely because they are the same or similar in law (*see,* CPL 220.20 [2] [c]), "the court, in the interest of justice and for good cause shown, may" order a severance. Paragraph (b) adopts the substantive standard set forth in *Lane,* providing that good cause includes a "convincing showing that a defendant has both important testimony to give concerning one count and a genuine need to refrain from testifying on the other, which satisfies the court that the risk of prejudice is substantial." Clause (ii) of CPL 200.20 (3) (b) both expands upon and defines more narrowly the procedure suggested in *Lane*: "Upon the request of counsel, any written or recorded showing concerning the defendant's genuine need to refrain from testifying shall be ex parte and in camera."

Defendant, relying upon the mandatory language in that clause, contends that the court was required to conduct an ex

parte in camera hearing upon defense counsel's request. Defendant's reading of the statute, however, overlooks its language and purpose. By the terms of the statute, defendant is entitled, upon counsel's request, to make an ex parte in camera showing only with respect to his "genuine need to refrain from testifying" concerning one group of counts. The ex parte in camera procedure thereby protects against the revelation of inculpatory information or matters of trial strategy and tactics with respect to those counts on which defendant has a genuine need to refrain from testifying. The same protection is not necessary with respect to those counts on which defendant has important testimony to give, and the statute does not provide for an ex parte in camera showing concerning that element of good cause set forth in CPL 200.20 (3) (b). Defendant, therefore, was not relieved of his obligation to "make a convincing showing on the record" with respect to the important testimony that he had to give concerning one set of charges (*People v Corrigan,* 139 AD2d 918, 919, *lv denied* 72 NY2d 917; *see, People v Snyder,* 273 AD2d 840, *lv denied* 95 NY2d 858; *People v Pratts,* 209 AD2d 921, *lv denied* 85 NY2d 942; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.20, at 409), and the ex parte in camera procedure is not available for making that showing.

Defendant did not satisfy that obligation here. On appeal, defendant maintains that he had important testimony to give concerning the counts on which he was convicted. In the papers supporting his severance motion, however, defendant not only failed to demonstrate in concrete terms that he had important testimony to give, he failed even to specify the counts on which he wished to give testimony. In view of the failure of defendant to make a convincing showing that he had important testimony to give concerning one set of charges, there was no need to conduct an ex parte in camera procedure concerning his genuine need to refrain from testifying on the other set of charges. A convincing showing of both elements of good cause under CPL 200.20 (3) (b) was required to support defendant's severance motion. Even if the court had granted the request of defense counsel for an ex parte in camera showing with respect to defendant's genuine need to refrain from testifying concerning one set of charges, the severance motion could not properly be granted under CPL 200.20 (3) (b) absent a convincing showing that defendant also had important testimony to give concerning the other set of charges. We conclude, therefore, that the court properly denied both the request for an ex parte

in camera hearing pursuant to CPL 200.20 (3) (b) (ii) and the severance motion.

We have examined defendant's remaining contentions, including those raised in the *pro se* supplemental brief, and conclude that none requires reversal or modification of the judgment. Accordingly, the judgment should be affirmed.

PIGOTT, JR., P. J., KEHOE, BURNS and LAWTON, JJ., concur.

Judgment unanimously affirmed.