OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously affirmed.
In the case at bar, defendant was initially charged with acts constituting domestic violence on December 22, 2001 and January 14, 2002. Thereafter an order of protection was issued. On February 9, 2002, subsequent to said order of protection, and in violation thereof, defendant committed further acts of domestic violence. The People’s motion to consolidate the informations for trial purposes was granted and, following said trial, defendant was convicted of the crimes indicated above. On this appeal, defendant contends that the court erred in granting the People’s motion to consolidate the matter for trial and that the sentences imposed were excessive.
Generally, two offenses, even though based upon different criminal transactions, are joinable when such offenses, or the underlying criminal transactions, are of such a nature that either proof of the first offense would be material and admissible as evidence-in-chief upon trial of the second, or proof of the second would be material and admissible as evidence-in-chief upon a trial of the first (GPL 200.20 [2] [b]; 100.45 [1]). In the case at bar, as the court noted, proof of the first charges on the docket would be admissible in the second to establish the basis underlying issuance of the order of protection (see People v Till, 87 NY2d 835, 837 [1995]) and to establish defendant’s motive in entering complainant’s premises (see People v Bongarzone, 69 NY2d 892, 894 [1987]).
Having satisfied the criteria for consolidation, it was incumbent upon defendant to establish some articulable prejudice in order to defeat the motion (see People v Lane, 56 NY2d 1, 8 [1982]). Here, defendant simply alleged that a jury might commingle the events and that defendant may wish to testify on *42 one of the dockets and remain silent as to the other. Inasmuch as the trial was conducted before a court without a jury, the issue regarding a commingling of the events does not constitute an articulable basis to defeat the motion. As to the issue raised regarding defendant’s testimony, defendant was required to make a convincing showing that he has both important testimony to give on one of the dockets and a strong need to refrain from testifying on the other. In support thereof, defendant was required to provide sufficient information regarding the nature of the testimony he wished to present on one of the dockets and his reasons for not wishing to testify on the other (see People v Lane, 56 NY2d at 8). Inasmuch as defendant failed to present such information, so as to establish a genuine claim of prejudice, the court acted within its discretion in granting the People’s motion (see CPL 200.20 [5]; 100.45 [1]).
As to the sentence, it should be noted that the convictions were based on three separate and distinct incidents which involved acts of violence and a violation of an order of protection. Thus, the sentences imposed were not excessive.
Pesce, PJ., Patterson and Golia, JJ., concur.