THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT B. SPAHALSKI, Appellant. [57 NYS3d 291]—

Appeal from a judgment of the Monroe County Court (Stephen R. Sirkin, J.), rendered December 12, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (five counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of five counts of murder in the second degree (Penal Law § 125.25 [1], [3]) arising from his commission of four homicides. One victim was killed in December 1990 on Lake Avenue in Rochester, a second was killed in July 1991 on Emerson Street in Rochester, and a third, Charles Grande, was killed in October 1991 in Webster. The fourth victim was killed in November 2005 at defendant's home in Rochester.

At the time of Grande's murder, defendant was represented by the Monroe County Public Defender's Office on unrelated charges being prosecuted in Rochester City Court and Gates Town Court. When the attorney representing defendant on those charges, Richard Marchese, learned that defendant was being questioned by Rochester police concerning Grande's murder, he ended the interrogation and followed up with separate letters to the Rochester Police Department and the Webster Police Department, advising them that defendant was not to be questioned without Marchese present. Neither letter asserted that Marchese represented defendant on the Grande case, and the charges on which Marchese had represented defendant were dismissed in 1992. A few days after the death of the fourth victim in November 2005, defendant of his own accord traveled to the Monroe County Public Safety Building and confessed to that murder. In the police interviews that followed, defendant confessed to each of the three prior killings.

We reject defendant's contention that he was denied the right to counsel when the police questioned him concerning the Grande murder in 2005. The indelible right to counsel attaches when "(1) a person in custody requests the assistance of an attorney or a lawyer enters the case or (2) a criminal proceeding is commenced against the defendant by the filing of an accusatory instrument" (*People v Lopez*, 16 NY3d 375, 380 [2011]). Marchese's letter did not establish his entry into the Grande case, however, because it "did not communicate that [he] represented defendant with respect" to that case (*People v Slocum*, 133 AD3d 972, 976 [2015], *lv dismissed* 29 NY3d 954 [2017]; *see People v Cohen*, 90 NY2d 632, 638-642 [1997]). Indeed, at the hearing on this matter, Marchese testified that he never represented defendant with respect to any homicide. Moreover, the indelible right to counsel "disappears" where, as here, the charge or charges on which the defendant is represented are disposed of by dismissal or conviction (*People v Bing*, 76 NY2d 331, 344 [1990], *rearg denied* 76 NY2d 890 [1990]; *see People v Koonce*, 111 AD3d 1277, 1278 [2013]). It is not necessary to address whether the police had actual or constructive notice of defendant's representation in 2005 because it is clear that defendant was not represented at that time.

Contrary to defendant's further contention, County Court properly denied his motion to sever the counts of the indictment and to try each incident separately. Defendant failed to show the requisite "good cause" for severance (CPL 200.20 [3]), and he made no "convincing showing" that he had important testimony to provide concerning one of the incidents and a strong need to refrain from testifying about others (CPL 200.20 [3] [b]; *see People v Lane*, 56 NY2d 1, 8-9 [1982]; *People v Rios*, 107 AD3d 1379, 1380-1381 [2013], *lv denied* 22 NY3d 1158 [2014]; *People v Burrows*, 280 AD2d 132, 135-136 [2001], *lv denied* 96 NY2d 826 [2001]). Finally, the sentence is not unduly harsh or severe. Present—Whalen, P.J., DeJoseph, NeMoyer and Curran, JJ.