Matter of Vance v Roberts (2019 NY Slip Op 07358)





Matter of Vance v Roberts


2019 NY Slip Op 07358


Decided on October 10, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2019

Sweeny, J.P., Richter, Kapnick, Kern, Singh, JJ.


9893 70093/19 -3192] 183/19

[*1]In re Cyrus R. Vance, Jr., etc., Petitioner,
v
Honorable Gayle P. Roberts, etc., et al., Respondents.


Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for petitioner.
Janet E. Sabel, The Legal Aid Society, New York (Michelle Fox of counsel), for Sanjay Jaggernauth, respondent.



Petition brought pursuant to CPLR article 78 to vacate an order of respondent Justice, dated June 20, 2019, which severed certain charges against respondent Jaggernauth and removed them to Family Court, unanimously denied, without costs, and the proceeding dismissed.
Sixteen year-old respondent Sanjay Jaggernauth was arrested for two separate incidents occurring on February 9 and 23, 2019. It is alleged that on February 23rd, he followed the complainant from a subway station exit into her apartment building. He followed her up a flight of stairs and grabbed her jacket. During the ensuing struggle, respondent threw the complainant down a flight of stairs.
Respondent was arraigned in the newly created Youth Part of Supreme Court as an adolescent offender on February 24, 2019. The People sought to prevent removal of the case to Family Court on the ground that the incident involved "significant physical injury" (CPL 722.23[2]). This application was denied on March 5, 2019 on the ground that the People failed to demonstrate any of the aggravating factors enumerated in the statute (id. ).
On the same day, respondent was charged in a second felony complaint, which alleged that on February 9, 2019, he followed a different complainant from a subway exit into her apartment building, where he approached her. She threatened to call the police, and respondent allegedly grabbed her arm and grabbed and squeezed her breast over her clothing before fleeing the scene.
As with the February 23rd incident, the People moved to prevent the removal of the February 9th case to Family Court pursuant to CPL 722.23(2) on the ground that one of the aggravating factors listed in the statute was present. This motion was granted on March 11, 2019.
On March 25, a grand jury indicted respondent, in a single indictment, for both the February 9th and February 23rd incidents.
On March 27, 2019, the People moved pursuant to CPL 722.23(1) to prevent the removal of the February 23rd charges to Family Court. This motion was denied on April 10, the court holding that the People failed to demonstrate extraordinary circumstances sufficient to override the preference for removal to Family Court. It ordered the February 23rd charges removed to Family Court.
The clerk advised the court that the February 23rd charges could not be sent directly to Family Court because they had been combined in one indictment with the February 9th charges. Defense counsel moved to sever the two sets of charges. The People opposed, arguing, among other things, that once the offenses were joined pursuant to CPL 200.20(2)(b), the court lacked statutory authority to sever them.
On June 20th, the court granted severance of the February 23rd charges and again ordered them removed to Family Court. In response to the People's argument that the court lacked authority to order the severance, the court found that the two sets of charges were not properly [*2]joinable. The People sought and obtained a stay of this order and commenced this article 78 proceeding, seeking a writ of prohibition and an order vacating the June 20th order of severance and removal. They argue that the court exceeded its authority and acted in excess of its powers in ordering the severance of the February 23rd charges, as those charges were properly joined in a single indictment.
"[T]he extraordinary remedy of prohibition lies only where there is a clear legal right, and only when a court . . . acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (Matter of Rush v Mordue , 68 NY2d 348, 352 [1986]). "Use of the writ is, and must be, restricted so as to prevent incessant interruption of pending judicial proceedings by those seeking collateral review of adverse determinations made during the course of those proceedings" (id. at 353).
There is no merit in the People's contention that the court lacks the authority to sever charges that were joined in a single indictment. This argument would have validity in cases where charges were properly joinable in a single indictment. However, the law is clear that the determination of whether the charges were, in fact, properly joinable in the first instance, is a duty of the court that is not delegated to the prosecution or the grand jury.
The court has a duty to examine the indictment to determine whether joinder is proper pursuant to CPL 200.20(a) or (b). Notably, the People have not provided any precedent to support their position to the contrary. Courts routinely rule on the issue of whether charges in an indictment are properly joinable under CPL 200.20(2) and sever those charges that are not (see People v Lane , 56 NY2d 1, 7 [1982]).
While the People disagree with the court's finding that the February 23rd and February 9th charges were not properly joinable under CPL 200.20(2)(b), determination of this issue is not before us in this article 78 proceeding. Rather, we are only asked, and we only have the authority, to determine whether the court acted without jurisdiction or in excess of its authority.
The People have not established that the court has done so in this case. There is no question that the court had the authority to make the determination as to whether the charges were properly joinable, and, finding that they were not, it had the authority to sever those charges.
Justice Gayle P. Roberts has elected, pursuant to CPLR 7804(i), not to appear in this proceeding.
The interim stay imposed by this Court on June 26, 2019 is vacated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 10, 2019
CLERK