People v Moore (2021 NY Slip Op 00127)





People v Moore


2021 NY Slip Op 00127


Decided on January 12, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 12, 2021

Before: Acosta, P.J., Webber, González, Scarpulla, JJ. 


Ind No. 3721/10 Appeal No. 12838 Case No. 2016-1220 

[*1]The People of the State of New York, Respondent,
v
Ricky Moore, Defendant-Appellant.


Barket Epstein Kearon Aldea & Loturco, LLP, Garden City (Donna Aldea of counsel), for appellant.
Cyrus R. Vane, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J. at severance motion; Arlene D. Goldberg, J. at jury trial and sentencing), rendered May 12, 2011, as amended December 5, 2014, convicting defendant of burglary in the second degree and three counts of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 14 years on the second-degree burglary convictions, consecutive to three consecutive terms of 3 to 6 years on the remaining convictions, unanimously affirmed.
The court properly denied defendant's severance motion. The counts were properly joined on the ground of overlapping evidence, pursuant to CPL 200.20 (2) (b). While not identical, the burglaries involved a sufficiently unique modus operandi so that the evidence of each was admissible as to the others (see People v Beam , 57 NY2d 241, 250-253 [1982]). In any event, the counts were properly joined as legally similar pursuant to CPL 200.20 (2) (c), and defendant has not made a sufficient showing for a discretionary severance pursuant to CPL 200.20 (3) (see People v Lane, 
56 NY2d 1, 8-9 [1982]).
The court providently exercised its discretion in denying defendant's mistrial motions, one made during a witness's testimony and the other made during the prosecutor's summation. In each instance, the court had taken a curative action that was sufficient to prevent any prejudice. By failing to object, by making general objections, or by failing to request any further relief after the court took curative actions, defendant failed to preserve any of his other claims of prosecutorial misconduct, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee , 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro , 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). The prosecutor was entitled to make reasonable, record-based arguments on matters including the above-discussed issue of modus operandi, and to the extent there were any improprieties, they were adequately addressed by the court's curative instructions.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2021