People v Irving (2024 NY Slip Op 50935(U))

[*1]

People v Irving

2024 NY Slip Op 50935(U)

Decided on July 15, 2024

Supreme Court, Kings County

Quinones, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 15, 2024
Supreme Court, Kings County

The People of the State of New York

against
Khalil Irving, Defendant.

Indictment No. 70495-22

For the defendant:
Steve G. Williams, Esq. 
For the People:
Kings County District Attorney's Office
By: Kathleen Conlon, Esq., Assistant District Attorney

Joanne D. Quiñones, J.

The defendant, Khalil Irving, is charged under two separate indictments with various Penal Law (PL) and Vehicle and Traffic Law (VTL) offenses. The first indictment, indictment number 70495-22 filed on February 23, 2022, charges the defendant with one count each of Manslaughter in the Second Degree, in violation of PL section 125.15(1); Criminally Negligent Homicide, in violation of PL section 125.10; Leaving the Scene of an Incident Without Reporting, in violation of VTL section 600(2)(A); Excessive Speed, in violation of VTL section 1180(A); and Failure to Comply with a Traffic Control Sign, in violation of VTL section 1110. The second indictment, indictment number 75174-22 filed on September 30, 2022, charges the defendant with one count each of Reckless Endangerment in the First Degree, in violation of PL section 120.25; Reckless Endangerment in the Second Degree, in violation of PL section 120.20; Unlawful Fleeing a Police Officer in a Motor Vehicle in the Third Degree, in violation of PL section 270.25; Reckless Driving, in violation of VTL section 1212; Failure to Comply with a Traffic Control Sign, in violation of VTL section 1110; Driving in Excess of Maximum Speed Limits, in violation of VTL 1180(D)(1), and Excessive Speed, in violation of VTL section 1180(A). The matters have been pending in the same part on the same adjourn dates since October 18, 2022. The matters are currently adjourned to July 15, 2024: indictment 70495-22 for additional discovery and indictment 75174-22 for trial. Now, almost two years later and on the eve of the trial on indictment 75174-22, the People move, by motion dated July 12, 2024, to consolidate the two indictments for trial pursuant to Criminal Procedure Law (CPL) sections 200.20. For the reasons set forth below, the People's motion to consolidate indictment numbers 70495-22 and 75174-22 is denied.
BACKGROUND
In the first matter, indictment number 70495-22, it is alleged that on August 18, 2020, at 3:38 a.m., at the intersection of Ocean Avenue and Beverly Road in Kings County, the defendant drove a 2016 Audi sedan at a high rate of speed, disobeyed a red light, collided with a Toyota sedan and fled the scene. The defendant's DNA was found on the Audi's steering wheel. It is further alleged that the collision resulted in the death of Isaiah Benloss on November 20, 2021. An X-indictment was secured and an arrest warrant was issued on February 24, 2022. The defendant was subsequently apprehended on June 5, 2022, when he was arrested for the offenses charged in the second indictment.
In the second matter, indictment number 75174-22, it is alleged that on June 5, 2022, at approximately 2:05 a.m. at the intersection of Lenox Road and Rockaway Parkway, an officer, Officer Cardieri, observed the defendant run a red light at a high rate of speed. It is further alleged that after the officer activated his lights and sirens, the defendant continued to drive at a high rate and went through an additional five steady ready lights until he ultimately stopped his vehicles approximately 11 blocks later. 
DISCUSSION
On a motion to consolidate, the movant bears the burden of demonstrating that the offenses charged are joinable and that consolidation is an appropriate exercise of judicial discretion (see People v Lane, 56 NY2d 1, 7 [1982]). In exercising its discretion, the court should "generally weigh the public interest in avoiding duplicative, lengthy and expensive trials against the defendant's interest in being protected from unfair advantage" (id. at 8). Although the court is "afforded reasonable latitude in exercising discretion," the Court of Appeals cautioned that "compromise of a defendant's fundamental right to a fair trial free of undue prejudice as the quid pro quo for the mere expeditious disposition of criminal cases will not be tolerated" (id.). "The test, which is fact specific, requires the court to foretell whether granting of consolidation will result in a situation that causes undue prejudice at trial" (id. at 7-8). 
The People submit that the indictments are "properly joinable" pursuant to CPL sections 200.20(2) (b) and (c). CPL section 200.20 provides, in relevant part,
Two offenses are "joinable" when:
(b) [e]ven though based upon different criminal transactions, such offenses, or the criminal transactions underlying them, are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second, or proof of the second would be material and admissible as evidence in chief upon a trial of the first; or
(c) [e]ven though based upon different criminal transactions, and even though not joinable pursuant to paragraph (b), such offenses are defined by the same or similar statutory provisions and consequently are the same or similar in law . . . ."
Contrary to the People's contention, the court is not convinced that consolidation is appropriate under CPL section 200.20(2)(b). The People assert, in conclusory fashion, that "the evidence in each indictment is properly admissible at trial in the other because both [are] necessary to provide background information or complete a coherent narrative of the incident." They further submit that "[t]he circumstances surrounding the reckless endangerment arrest are necessary to provide background information and to complete the narrative in the manslaughter case" and that the "manslaughter on August 18, 2020 may be used to prove common scheme or [*2]plan." The People do not detail the basis for their assertion that a subsequent incident (the reckless endangerment case) can serve as background for an incident that occurred almost two years prior (the manslaughter case). Nor do they elaborate as to how the manslaughter offense is a "common scheme or plan" related to the reckless endangerment charges.
Here, the People have not demonstrated that the defendant's two indictments have overlapping evidence sufficient to warrant joinder. The court has reviewed the People's Notice/Disclosure Form for Initial Discovery in each indictment and notes that the law enforcement personnel whom the People designated as potential witnesses vary significantly for each case. The only common witness to both indictments is Officer Cardieri who effectuated the traffic stop on June 5, 2022, at which time the defendant was arrested for both offenses. Otherwise, the allegations have few similarities — they occurred at different locations on dates that are almost two years apart. For these reasons, consolidation under CPL section 200.20(2)(b) is denied. 
Consolidation under CPL section 200.20(2)(c) is also improper. While the People submit that both indictments stem from allegations of the defendant speeding and bypassing redlights, the top offenses against the defendant in each indictment are materially different. In indictment 70495-22, the defendant is charged with the class C felony of Manslaughter in the Second Degree, recklessly causing the death of another person; whereas in indictment 75174-22, he is charged with the class D felony of Reckless Endangerment in the First Degree, "under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." The only offenses common to both indictments are the traffic infractions of excessive speed and failure to comply with a traffic control sign. In any event, "[t]he mere fact that indictments charge similar or related crimes does not suffice to justify their consolidation" (People v Simpkins, 110 AD2d 790, 791 [2d Dept 1985]). The two indictments which the People seek to consolidate are not part of the same criminal transaction and are removed from each other in both place and time (see People v Connors, 83 AD2d 640, 641 [2d Dept 1981] [consolidation of robbery and possession of a weapon indictments was deemed improperly granted where the subject crimes had not been part of the same criminal transaction and where they were removed in time and place from each other]). As such, the benefits of judicial economy are minimal whereas the risk of "compromi[sing] [the] defendant's fundamental right to a fair trial free of undue prejudice" is great (Lane, 56 NY2d at 8). 
Accordingly, the People's motion to consolidate indictment numbers 70495-22 and 75174-22 is denied. 
This constitutes the Decision and Order of the court.
Dated: July 15, 2024
Brooklyn, New York
Hon. Joanne D. Quiñones, J.S.C.